Barnum vs. Fitzpatrick, Adm'r, &c.

---

BARNUM vs. FITZPATRICK, Adm'r, &c.

APPEAL FROM CIRCUIT COURT, OZAUKEE COUNTY.

Heard January 13.]                    [Decided May 4, 1860.

*Appeal—Jurisdiction—Justice of the Peace—Service—Bill of Exceptions.*

The venue in a summons issued by a justice of the peace, was "Ozaukee county, Town of Grafton," and the writ required the defendant to appear at the justice's office in "the village of Manchester," such village being a part of the town of Grafton : Held, that such a summons was good in form and substance.

Where a defendant suffers judgment to go against him by default, before a justice of the peace, from which he takes an appeal to the circuit court, he thereby waives all objection to the want of a proper service of the summons upon him.

The object of an appeal from a judgment of a justice of the peace is to try the cause upon its merits; and the supreme court will not notice a defect in the service of the summons, unless the court below has decided upon the question of service, and the point is preserved by bill of exceptions.

This was an action commenced by John Barnum against John Fitzpatrick, the administrator of Wm. H. Kittridge, before a justice of the peace, for an amount due from the estate of Kittridge. Judgment was given by the justice in favor of

the plaintiff, of $47 93, and the defendant appealed to the circuit court, where the plaintiff recovered $46 damages, $31 53 costs, from which the defendant took this appeal. The other facts in this case fully appear in the opinion of this court.

G. W. Foster, for the appellant.

E. S. Turner, for the respondent.

By the Court, PAINE, J. This action was commenced before a justice of the peace. The venue of the summons is " Ozaukee county, town of Grafton." It required the defendant to appear at the office of the justice " in the village of Manchester in said county. One objection taken is, that the summons was void for uncertainty in this respect, there being no such place as the village of Manchester. But by chapter 361 of the Private and Local Laws of 1857, all that part of the town of Grafton, theretofore known as the village of Grafton, was thereafter to be known as the village of Manchester. This objection therefore is entirely unfounded. The only other objection made is, that the justice acquired no jurisdiction by reason of a defective service of the summons. The return of the constable was, that it was " duly served by leaving a copy at the defendant's last and usual place of abode, with his mother," &c. It was said that the return does not show that the defendant was " not found," so as to authorize this mode of service, and that the word " last" in the return implies that the place of service was not the defendant's then place of abode. But, without deciding these questions, we think that the appeal by the defendant to the circuit court was equivalent to an appearance in the suit, and after he has taken such appeal, and had an opportunity to try his case upon the merits, if he fails to do so, this court will not reverse the judgment of the circuit court for any defect in the service of the process of the justice.

The object of an appeal, where the judgment was over fif-

teen dollars, as it was in this case, was to try the case upon its merits. And if advantage could be taken at all in that court of a defective service of the process, of which there is great doubt, certainly this court will not notice it, unless it is first called to the attention of the circuit court, and its ruling obtained upon the question with proper exceptions.

The view we have taken of the nature and effect of an appeal, is sustained by the following cases: *Perry's Adm'r vs. McKinzie, et al.*, 4 Texas,154; *Matlock vs. King*, 23 Mo., 400; *Malone vs. Clark*, 2 Hill, 657; *Woods vs. Randall*, 5 Hill, 264; *Shaw & Morehouse vs. Moser*, 3 Gibbs (Mich.) 71.

In the latter case it is true the court held, that under the statute in which the appeal in question was taken, the appeal was in the nature of a *certiorari* so far as to authorize the appellate court to review all questions of law passed on by the justice previous to an inquiry into the merits. And therefore they held that an appeal under that statute would not waive objections as to jurisdiction. But they expressly sanction the idea that where, upon the appeal, the case must be tried as an original case in the appellate court, the taking of an appeal would amount to such waiver. The doctrine rests upon the essential difference between the nature of an appeal and a *certiorari.* The code, which was then in full force, provided that on the appeal, where the judgment exceeded fifteen dollars, it should be tried as a case originally commenced in the circuit court. The object of this is to obtain a full and fair trial on the merits, without regard to errors in the proceedings before the justice. And where a defendant takes an appeal, we do not think it unreasonable to say that he should not afterwards be allowed to object to the service of the process issued by the justice.

The judgment of the circuit court is affirmed with costs.