## Mahr vs. Young.

Where a justice of the peace adjourned a suit pending before him, for more than ninety days, it operated as a discontinuance.

When such an adjournment was made and the order so entered by the justice, he had no authority, after the parties had left, to change the adjournment so as to bring it within the ninety days. And where he did so, and the plaintiff appeared and took judgment against the defendant at the time to which the adjournment was thus changed, the judgment was a nullity.

But the proper remedy for the defendant would be a *certiorari*, or an action to enjoin the collection of the judgment on showing its want of equity. He could not, on appeal taken to the circuit court, where the record as returned showed a proper adjournment, move to dismiss the action on affidavits showing the real facts.

The object of an appeal is, to try the case on its merits, and it does not perform the function of a *certiorari*.

APPEAL from the Circuit Court for *Milwaukee* County. *Thorp & Shelley*, for appellant:

January Term, 1861.

1. An adjournment improperly made is a discontinuance of the suit. *Gamage vs. Law*, 2 Johns., 192 ; *Wiest vs. Critsinger*, 4 id., 117 ; *Proudfit vs. Henman*, 8 id., 390 ; *Green vs. Angel*, 13 id., 468 ; *Kimball vs. Mack*, 10 Wend., 497 ; *Allen & Taylor vs. Edwards*, 3 Hill, 499. 2. What is or is not a record, is matter of evidence *aliunde*. *Starbuck vs. Murray*, 5 Wend., 148 ; *Aldrich vs. Kinney*, 4 Conn., 380 ;. 2 Cow. & H.'s Notes, 799–801. Every fact stated in a record, upon which jurisdiction depends, may be controverted. *Barber vs. Winslow*, 12 Wend., 102 ; *Bradshaw vs. Heath*, 13 id., 407–418 ; *Shumway vs. Stillman*, 6 id., 447 ; Parol evidence is admissible to show an alteration of a record. *Brier vs. Woodbury*, 1 Pick., 362. This is not an attempt to impeach a judgment collaterally, because the motion to dismiss was not a collateral proceeding. 3. The appellant's remedy was not by procuring a further return from the justice. The statute (R. S. 698, sec. 214) applies only to cases where there is a *defect* in the original return.

*L. F. Frisby*, for respondent:

1. If the return of the justice was defective, the appellate court was authorized to compel an amended return. If it was false, to the injury of a party, he had his remedy by action against the justice. 2. The return of the justice as to all facts required to be returned, is conclusive. *Rawson vs. Adams*, 17 Johns., 130. 3. The judgment of the justice cannot be impeached collaterally. 6 Wis., 143–214. 4. A dismissal of the appeal by the circuit court leaves the judgment of the justice undisturbed. R. S. chap. 120, sec. 216.

*By the Court*, PAINE, J. This action was commenced before a justice of the peace. The parties appeared on the return day of the summons, and joined issue. The defendant moved for an adjournment for ninety days, to obtain testimony, which was granted. At the expiration of the ninety days, the plaintiff appeared and obtained a judgment for $30 33, damages and costs, in the absence of the defendant. The defendant appealed to the circuit court, and there

MAHR v. YOUNG.

May 15.

moved upon affidavits to dismiss the action. The ground for the motion was, that the justice had adjourned the case from June 9th, the return day, until September 8th, which was one day more than ninety days, a justice not having power to adjourn more than ninety days. The affidavits set forth that the order for adjournment was originally entered in the justice's docket, as for the 8th of September, but that afterwards, and after the parties had left, the justice changed his entry so as to make it an adjournment until the 7th of September; that the plaintiff appeared and took his judgment on the 7th, but that the defendant did not appear until the 8th, when he was informed that the case had been tried and judgment taken against him on the day before. If these facts were true, the authorities cited by the appellant show that the case was discontinued by the adjournment beyond ninety days, and the justice had no more authority to change the adjournment to the 7th, after the parties had left, and then proceed on that day to try the case and give judgment against the respondent in his absence, than he would have had if no suit had ever been commenced.

But conceding this, we think the appellant has mistaken his remedy. The object of an appeal from a justice, where the judgment exceeds $15, is to try the case on its merits. *Barnum vs. Fitzpatrick*, 11 Wis., 81, and cases cited. Such an appeal is not designed to perform the function of a *certiorari*. But even if this objection could be taken advantage of at all on an appeal, of which we have great doubt, it could only be done by compelling the justice to make a return showing the facts. A party cannot, by appeal, take an appeal case from a justice to the circuit court, and then for the purpose of having the action dismissed, assail the truth of the record by affidavits. The proper remedy was either by a *certiorari*, or by an action to enjoin the collection of the judgment on showing its want of equity. The motion to dismiss was properly overruled.

The order is affirmed, with costs.