June Term,
1861.

Lowe
v.
Stringham.

## LOWE VS. STRINGHAM.

The provision of the statute (sec. 134, chap. 120, R. S.), that the warrant, in an action for the recovery of the possession of personal property, "shall be made returnable on the third day after it shall issue, Sundays excepted," requires the omission of Sunday as well when it intervenes between the issue of the warrant and the return day, as when the Sunday itself would otherwise be the return day.

Where the record shows that the parties appeared, without any qualification, it must be construed to have been a general appearance.

A general appearance of a defendant is a waiver of any defect in the process.

A defendant who wishes to take advantage of such defect must appear specially for that purpose only.

It is also a waiver of such defect for the defendant, after objecting to the process, to plead and go to trial on the merits.

It is also a waiver of such defect for the defendant to take an appeal from the justice to the circuit court, when judgment has been rendered against him for more than fifteen dollars; the object of an appeal in such case being to try the cause anew upon the merits.

The statutory provisions relating to the exemption of personal property from forced sale on execution are applicable to persons temporarily sojourning in the state, as well as to permanent residents.

APPEAL from the Circuit Court for *Fond du Lac* County. Replevin for thirty-eight bushels of wheat, commenced before a justice of the peace. The instruction of the circuit

court referred to in the opinion in this case, was as follows : " That the fact of the plaintiff's being a temporary resident of this state did not deprive him of the benefit of the ex- emption law." The other facts in the case are sufficiently stated in the opinion. Verdict and judgment for the plain- tiff.

*E. Bissell*, for appellant.

*J. Coleman*, for respondent, to the point that Sunday, when an intermediate day, is always counted in the computation of statute time, cited *Ex parte Dodge*, 7 Cow., 147 ; *King vs. Dowdall*, 2 Sandf. (S. C.), 131 ; *Easton vs. Chamberlin*, 3 How. Pr. R., 412 ; *Taylor vs. Corbiere*, 8 id., 385 ; 2 Salk., 624. To the point that the defendant's appearing and an- swering was a waiver of any irregularity in the writ, he cited *Caughey vs. Vance*, 3 Chand., 308 ; and as to the rights of a temporary resident, under the exemption laws, *Haskell vs. Andros*, 4 Vt., 609.

*By the Court*, PAINE, J. This was an action of replevin, commenced before a justice of the peace. The defendant appeared, and before answering moved to dismiss the suit, because the writ was returnable on the third day after it is- sued, not excluding a Sunday which intervened. The mo- tion was denied, and the defendant excepted. He then an- swered and went to trial, and the plaintiff recovered judg- ment. The defendant appealed, and made the same objec- tion in the circuit court, which was overruled and an excep- tion taken.

We think the objection was good, and if properly taken advantage of, that the writ ought to have been quashed. The statute provides that the warrant " shall be made re- turnable on the third day after it shall issue (Sundays ex- cepted)," &c. R. S., chap. 120, sec. 134. It was contended by the respondent's counsel that Sunday was only to be ex- cepted when the third day fell on Sunday, and in support of this position he cited 7 Cow., 147 ; *King vs. Dowdall*, 2 Sandf. (S. C.), 131, and some other cases in New York, where it was held that intervening Sundays are to be included in the computation of statute time. But those were cases where

June Term, the statute was silent on the subject, and simply provided
1861.
_____ that the thing should be done within so many days. But
Lowe       our statute expressly says that Sundays are to be excepted,
v.
Stringham. and it would seem to have been inserted expressly to ex-
clude the construction which had been adopted in those
cases. But even without such an exception in the statute
itself, there are cases holding a doctrine opposite to that of
the ones just referred to. *Anonymous case*, 2 Hill, 375, note
b, 376; *Thayer vs. Felt*, 4 Pick., 354. The doctrine of these
cases, excluding intervening Sundays where the statute pro-
vides that something shall be done within a certain number
of days less than a week, seems more reasonable than that
of the others, even in the absence of any exception in the
statute itself. But where such exception exists, there would
seem to be no room for doubt on the subject. This conclu-
sion is also fully sustained by a reference to the nature of
the case. The time for the return is short. The action is
required to be tried on the return day, unless cause is shown
as for a second adjournment in other cases. R. S., chap. 120,
sec. 142. Allowing Sunday to be counted as an intervening
day, the warrant might be issued on Friday night and made
returnable on Monday morning, or on Saturday night and
made returnable on Tuesday morning, and thus the defend-
ant have only one business day in which to prepare for trial.
This result would seem clearly to show that the legislature
intended, as they said, to except Sundays, and that they in-
troduced the exception expressly to avoid the doubts that
might have arisen from the conflicting decisions upon the
point, where the statute was silent.

But although the objection was good, we think the defend-
ant waived it in several ways. The record of the justice
shows that the parties appeared by their counsel, which of
course, in the absence of any qualification, must be construed
to be a general appearance. And it is a familiar rule, that a
general appearance waives any defect in the process. This is
too well settled to need the citation of authorities. To avoid
the effect of this rule, it is the common practice, when it is
desired to take advantage of such defects, to appear special-
ly for that purpose only.

June Term, 1861.

Lowe
v.
Stringham.

We think it is also a waiver of such a defect for the party, after making his objection, to plead and go to trial on the merits. To allow him to do this, would be to give him this advantage. After objecting that he was not properly in court, he could go in, take his chance of a trial on the merits, and if it resulted in his favor, insist upon the judgment as good for his benefit, but if it resulted against him, he could set it all aside upon the ground that he had never been properly got into court at all. If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection. *Caughey vs. Vance*, 3 Chand., 315–16; *Thayer vs. Dove*, 8 Blackf., 567.

We also think the defendant could not take advantage of this objection on an appeal to the circuit court, the judgment being over $15. The object of an appeal in such cases is to try the case anew in the appellate court on its merits, and not to review errors of the justice. The taking of such an appeal is equivalent to an appearance, and gives the appellate court jurisdiction over the person, whether the service of the process before the justice was sufficient for that purpose or not. *Barnum vs. Fitzpatrick, adm'r, &c.*, 11 Wis., 83, and cases cited. See also *Hester vs. Murphy*, 1 Ark., 55; *Ball vs. Kuykendall*, 2 id., 195; *Ser vs. Bobst*, 8 Mo., 506; *Matlock vs. King*, 23 id., 400. The remedy of the party in such a case would seem to be that pointed out in *Wood vs. Randall*, 5 Hill, 264, that is a common law *certiorari*.

We think also there was no error in the instructions of the circuit court in respect to the plaintiff's right to the benefit of the exemption law. The statute makes no discrimination between temporary and permanent residents, nor does it purport to confine its privileges to residents at all. It exempts certain articles of the debtor and his family. And we think it would be entirely inconsistent with the beneficent intentions of the statute as well as with the dignity of a sovereign state, to say that the temporary sojourner, or even the stranger within our gates, was not entitled to its protection.

The judgment is affirmed, with costs.