## KLAISE VS. THE STATE.

JURISDICTION: (1.) *Jurisdiction of J. P.* (2.) *When objection may be taken in supreme court.* (3.) *Jurisdiction of appellate court, where court below had none.* (4.) *Waiver of lack of jurisdiction of the person, in criminal actions.*

1. Where a justice of the peace was authorized to take jurisdiction of an action only in case of the "absence, sickness or other inability" of a municipal judge, the fact that such judge declined to act in the cause, did not give the justice jurisdiction.
2. This objection may be taken in the supreme court, although it was not taken before the justice, and the cause was, by stipulation, argued and submitted in the circuit court upon the objections taken before him.
3. In criminal as in civil actions, an appeal confers no jurisdiction upon the appellate court, where the lower court had no jurisdiction *of the subject-matter*.
4. Whether, *in a criminal action*, an appeal waives an objection to the jurisdiction of the lower court *over the person*, is not here decided.

ERROR to the Circuit Court for *Iowa* County.

*E. P. Weber*, for the plaintiff in error.

*The Attorney-General*, for the state.

DIXON, C. J. This is a kindred case to that of *Owens, plaintiff in error, v. The State, defendant in error*, just decided [*ante*, p. 456]. It was a prosecution, for assault and battery, charged to have been committed within the limits of the city of Mineral Point, in the county of Iowa, before a justice of the peace of that

city, and taken by appeal to the circuit court, to which this writ of error was issued. The decision in this court depends upon the same provisions in the charter of the city of Mineral Point which are recited in the opinion in the *Owens case.* The circumstances of this case, so far as they are required to be shown, are as follows: The complaint, in the usual form, was presented to the judge of the municipal court, who declined to act, and at the same time made and signed a statement in writing on the back thereof in these words: " I hereby decline to act in this case. March 22, 1870, JAMES HUTCHINSON, Municipal Judge, city of Mineral Point." Thereupon the same complaint was presented to a justice of the peace of the city, who issued his warrant. The plaintiff in error was arrested and brought before the justice, and tried and convicted. He then appealed to the circuit court. Several objections were taken before and overruled by the justice, but none to his jurisdiction because it was not a " case of absence, sickness or other inability " of the municipal judge, as declared in the proviso of section 2 of chapter 3 of the charter, above referred to. By stipulation, the cause was argued and submitted in the circuit court upon the same objections raised and taken before the justice.

The objection now taken, and upon which we decide the case, was raised in this court for the first time. It is, that it was not a case of the *absence, sickness or other inability* of the municipal judge, which authorized the justice to assume jurisdiction. It is said that the municipal judge arbitrarily, and without any of the causes specified in the statute, refused to entertain the case, and that this did not and could not confer jurisdiction upon the justice. We are of the opinion that this objection is well taken, and that it is not too late to be presented at the hearing upon this writ. It is a general rule, that objection for want of jurisdiction of the *subject-matter* of an action may be taken at

any time, or at any stage of the proceedings.    This is
the rule in civil actions, and *a fortiori* in prosecutions
for crime, where the court has no jurisdiction or
authority to convict or punish for the *offense*.    The
jurisdiction to convict and punish for this offense was
vested exclusively in the municipal court, since the
contingencies upon which, by law, the same might have
been exercised by a justice of the peace, had not hap-
pened at or before the time of the commencement or
trial of the action.    It is a rule, also, in civil actions,
that where an inferior court or tribunal has no juris-
diction of the subject-matter of an action, the superior
court acquires none by an appeal from its decision,
but must dismiss the action on that ground, which
dismissal nullifies and puts an end to the proceedings
in both courts.    *Stringham v. The Board of Supervisors
of Winnebago County*, 24 Wis. 594 ; *Felt v. Felt*, 19 Wis.
193.    And criminal actions must be governed by the
same principle.    The appeal confers no jurisdiction
upon the appellate court where the inferior court had
none, that is, of the subject-matter or offense.    It is
the same proceeding upon appeal, and of course the
same void proceeding.

And this suggests the distinction with respect to
the effect of an appeal, in civil actions, between a
want of jurisdiction of the subject-matter and a want
of jurisdiction of the person, because of some defect
in the issuing or service of process.    Objections of the
latter kind are waived by an appeal, which is equiva-
lent to an appearance ; but not those of the former
kind.    *Lowe v. Stringham*, 14 Wis. 225, and cases cited ;
*Barnum v. Fitzpatrick*, 11 Wis. 83 ; *Caughey v. Vance*, 3
Chandler, 308.    Whether the same rule as to waiver
or appearance is applicable at all in criminal actions,
is not a question now before us.

It follows from these views, that the judgment of
the circuit court, affirming that of the justice, must be
reversed, and the cause remanded with directions to

enter judgment of dismissal in the circuit court, for want of jurisdiction in the justice's court from which the appeal was taken.

*By the Court.*—It is so ordered.