## Bonesteel v. Gardner, et al.

*1. PERSONAL PROPERTY:* ACTION TO RECOVER: PROVISIONAL REMEDY. The action for the recovery of personal property, under the provisions of the Code of Civil Procedure, is an original action, and may or may not have coupled with it the provisional remedy of claim and delivery.

*2. GENERAL APPEARANCE.:* ENTRY BY DEFENDANT: EFFECT OF. A voluntary appearance by the defendant to the suit generally, is equivalent to personal service of the summons upon him; and after such appearance the court acquires full jurisdiction for all purposes whatsoever.

*3. ———: ———: ———.* If the proceedings under the writ for obtaining possession of the property were so irregular and defective that no jurisdiction could thereby be conferred, all questions in relation thereto become immaterial after defendant appears, answers and contests the case on its merits.

*4. JUDGMENT.* JUSTICES COURT: APPEAL. An appeal to the District Court, from the judgment of a justice of the peace, under the provision of a statute, requiring the trial to " proceed in all respects, in the same manner as though the action had been originally instituted therein," excludes the consideration of any alleged errors committed by the justice, on the trial, except such as relate solely to jurisdictional questions.

*5. ———: ———; ———.* The object of an appeal from the judgment of a justice, prior to the passage of the Revised Codes, was to try the case on its merits, and such an appeal was not designed to perform the functions of a *certiorari.*

*6. EVIDENCE:* WRITTEN: EXCEPTIONS. To the general rule that when written evidence of a fact exists, all parol evidence is excluded, there are exceptions, such as that written acknowledgments and receipts need not be produced or their absence accounted for to admit parol evidence of the transaction which they are designed to evince.

*7. ———: ———: ———.* A bill of parcels, receipted, of the sale of articles of personal property, need not be produced to prove a sale; parol evidence is competent on the ground that such paper generally amounts to nothing more than a receipt for the price.

*8. ———: ———: WHEN INDISPENSIBLE.* Whenever it turns out that a writing exists with regard to a transaction, which the law regards as the best evidence, it must be produced or its absence accounted for. A bill of sale being the best evidence of title, is properly admissible in evidence.

### *Appeal from Bon Homme County District Court.*

THIS is an action originally instituted in a Justice's court to recover possession of certain personal property, and taken to

Bonestcel vs. Gardner, et al.

the District Court and tried on appeal. Judgment in the Justice's and District Courts were for the plaintiff.

The facts necessary to a full understanding of the case, and the errors complained of, sufficiently appear from the opinion.

*Oliver Shannon*, for appellants.

*G. C. Moody* and *Gamble Bros.*, for appellee.

BENNETT, J.—The record on which this cause is presented to this court is very unsatisfactory, and has the appearance of having been prepared in utter disregard of the rules of this court, and the provisions of the statute regulating appeals.

There is no assignment of errors, except such as may be found in appellant's submitted brief. Points are urged in the argument that are not presented by the record, and this court asked to pass upon them. Exceptions are taken to instructions given by the court to the jury, and to the refusal of the court to instruct as requested by defendants, while it no where appears from the record that all the instructions given are before this court, neither is there any evidence certified up, showing error in the instructions given, or the relevancy of those refused, and no case with exceptions settled, and nothing disclosing any effort or diligence on the part of defendants to obtain the same.

Certainly there can be no excuse for such irregularities and departures from well established rules of practice.

These criticisms may, with great propriety be applied to the record in other cases brought to this court, and it is to be hoped that in the future the members of this bar will, in this respect, so honor their profession as to merit the praise, rather than the censure, of this court.

This action was commenced in a justice's court, for the possession of personal property. Under the provisions of the justices' code, then in force, sections 148 and 149, seizure of the property in dispute, under the writ, was not necessarily essential to confer jurisdiction. If the defendant cannot be served, and enters no appearance, then the action is in the nature of a proceeding *in rem*, and possession of the property

under the writ necessary to authorize the justice to proceed to judgment.    This action, under the provisions of our Code of Civil Procedure, is an original action, and may or may not have coupled with it the provisional remedy of claim and delivery.    This is plain from the language of section 159 (176, new Code):    "The plaintiff, in an action to recover the pos-" session of personal property, may, *at the time of issuing the* " *summons, or at any time before answer,* claim the immediate " delivery of such property," etc.    And this is now the provision of the Justices' Code.    (§ 32, new Code.)˙    Under the old Justices' Code, the claim for immediate delivery was an absolute ingredient of the proceedings, and was required to be made at the commencement of the suit.    Under either statute the issue to be tried and determined, is the right of possession, the questions of damages, etc., being incidental and concomitant.

The purpose of the law in providing for the seizure of the property prior to the determination of the rights of the parties is two-fold: 1st, to give to the party showing himself, *prima facie*, entitled thereto, the possession, *lis pendens*, and 2d, to prevent it from being spirited away, or otherwise disposed of, and to secure its forthcoming to answer any judgment that may be rendered in the case.    But these collateral questions do not affect the main issue—the right of possession —as before stated.

Now, admit that the property in dispute was not in Bon Homme county at the time of the commencement of the suit, and that it was necessary that it should have been there in order to have given the justice jurisdiction, what position did appellants place themselves in under the pleadings, to take advantage of this question?    After the seizure of the property on a counterpart of the writ, and service of the summons in Yankton county, they entered a general appearance in the Justice's court, and without interposing any objection to, or in any manner raising the question of jurisdiction, answered, their answer being in the form of a general denial.

There is no question but that the subject matter of litigation, generally speaking, was within the jurisdiction of the

justice, it involved the right of possession of personal property of the value of less than one hundred dollars.

In the case of *George P. Waldron v. The C. & N. W. Railway Company*, (Dec. term, 1876,) Mr. Chief Justice SHANNON in delivering the opinion of this court, uses the following language: "A court can acquire a limited jurisdiction in an action by the allowance of a provisional remedy; but jurisdiction does not become complete until the service of a summons in some of the modes prescribed by law, or by the voluntary appearance of the defendant. In this case the defendant voluntarily appeared, by its attorney, and made answer, and contested the claim throughout. A voluntary appearance by the defendant is equivalent to personal service of the summons upon him, and after such appearance the court acquires full jurisdiction for all purposes whatsoever. The proceedings upon the attachment may be void, or so defective as to give no jurisdiction of the person of the defendant; yet if he appears and contests the action upon the merits, a valid judgment may be rendered."

These principles are applicable, and the case from which I have quoted, analagous to, the one at bar. Even if the proceedings under the writ for obtaining possession of the property were so irregular and defective that no jurisdiction was conferred thereby, all questions in relation thereto become immaterial after defendants have appeared, answered and contested the case on its merits.

From the judgment of the justice, defendants appeal, and the parties find themselves in the District Court, with issue joined on complaint and answer, and required to "proceed in all respects, in the same manner, as though the action had been originally instituted therein." And this is generally construed to exclude the consideration of any alleged errors committed by the justice on the trial, except such as relate solely to jurisdictional questions. This leads us to notice the first error complained of. It is urged that the District Court erred in overruling defendants' motion for change of place of trial. The ground on which this motion is based, is that both defendants reside in the county of Yankton, and resided there

at the commencement of the action, and were not residents of Bon Homme county.

There are two reasons why the ruling of the court on this motion was correct. First: Section 76, Code of Civil Procedure (Sec. 92, new Code), provides that " actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, in cases provided by statute. *  *  *

" 4.   For the recovery of personal property distrained for any cause."

Section 150 of the Justices' Code (then in force), reads as follows: " When any of the property is removed to another county after the commencement of the action, counterparts of the writ of replevin may issue on the demand of the plaintiff to such other county," etc.   The record discloses the fact that a counterpart of the writ was issued by the justice, and he must have been satisfied before issuing such counterpart, either from the return of the officer or other evidence, that the property was removed from the county after the commencement of the suit.   To this ruling and adjudication of the justice defendants took no exception, and in no manner attempted to put the question in issue, and it became wholly immaterial after defendants had appeared generally, answered and contested the case on its merits.   But that question aside, under the findings of the justice, no where disputed by the pleadings, that the property was removed after the suit was commenced, it was properly brought in Bon Homme county, and the motion was therefore properly denied.

But in the second place:   Section 79, Code of Civil Procedure (Sec. 95, new Code), provides that " if the county designated for that purpose in the complaint, be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant, *before the time for answering expire,* demand in writing that the trial be had in the proper county," etc.   In this case the time for answering had not only expired but the parties had actually answered, and the cause had once been tried on its merits, and every other considera-

tion aside, under this provision of the Code, the motion came clearly too late. This statute recognizes the general principle above laid down, that a general appearance and answer, is a waiver of all objection, and submission to, the jurisdiction of the court. I am speaking of jurisdiction of the person, and do not want to be understood as even intimating that where the court has no jurisdiction of the subject-matter of the action, it may be conferred by consent, either actual or implied.

The next error alleged, is the refusal of the court below to reverse the judgment and proceedings of the justice. I have already incidently touched on this point. It seems to me that counsel for appellants is very far astray in assuming that any such power is given the District Court on appeal. The object of an appeal from the judgment of a justice, under the statute as it then stood, was to try the case on its merits, and such an appeal was not designed to perform the functions of a *certiorari*. (*Mahr v. Young*, 13 Wis., 634.)

The very language of the statute, that " the parties shall proceed *in all respects* in the same manner as though the action had been originally instituted in the said (District) court," excludes the possibility of reasonable doubt, that its purpose was to obtain a full and fair trial on the merits without regard to errors in the proceedings before the justice. (*Barnum v. Fitzpatrick*, 11 Wis., 81.)

The pleadings and proceedings in a Justice's court are not to be subjected to the strictest rules of legal criticism, and are always treated with great leniency by appellate courts; and the Legislature anticipating that errors would be committed, and irregularities found in the trial of most cases in these courts, wisely preferred giving the parties, as their only remedy, the advantage of a new trial on the merits in the District Court, rather than provide for a reversal of the cases, on errors of law, and have them sent back to be tried, found again in the appellate court, perchance again reversed and travel the same road, at great expense, and vexatious delay. Had the Legislature intended otherwise it would have provided for appeals from errors of law, or for having such alleged errors reviewed on *certiorari*. Neither of these

remedies had then been provided, and we must conclude that all errors of the justice committed on the trial (not of a jurisdictional character) are out of the case, under the then existing statutes, when it is brought on appeal to the District Court, and as that court could not consider them there is no method by which they can be presented here for review.

Equally intenable is the position of counsel for appellants that there was error in the admission on the trial of a certain bill of sale, evidencing the transfer of the property in dispute from a third party to the plaintiff. It is a general rule that when written evidence of a fact exists, all parol evidence is excluded. There are, however, exceptions to this rule, such as that written acknowledgments and receipts need not be produced, or their absence accounted for, to admit parol evidence of the transaction which they are designed to evince. (*Tobey v. Barber*, 5 John., 72; *Southwick v. Hayden*, 7 Cowen, 334.)

So a bill of parcels, receipted, of the sale of articles of personal property need not be produced to prove a sale; parol evidence is competent on the ground that such paper generally amounts to nothing more than a receipt for the price. (*Blood v. Harrington*, 8 Pick., 552.)

In this case the question of title in the plaintiff was directly in issue, for on the title hinged the right of possession. Plaintiff claimed to have acquired title by contract with one Jonas Petrie, which was shown to be in writing, in the form of a bill of sale, executed by Petrie to plaintiff. This was more than an ordinary bill of parcels amounting merely to a receipt for the price; in terms, it purported to sell, assign and convey the property to plaintiff, with a warranty of title.

It is well settled that whenever it turns out that a writing exists with regard to a transaction, which the law regards as the best evidence, it must be produced or its absence accounted for. The bill of sale being the best evidence of plaintiff's title, it was properly admitted in evidence. (*Dunn v. Hewett*, 2 Denio, 637.)

The remaining points in appellant's brief relate to alleged errors in instructions given and refused by the court below.

These instructions are meaningless to us in the absence of the evidence, with reference to which they were given, or asked, and as such evidence is not before us, they cannot be considered.

All the Justices concurring, the judgment of the District Court is

