### YOUNG and others *v.* TOWNS OF DEXTER, REMINGTON, AND WOOD.

(*Circuit Court, E. D. Wisconsin.* October 27, 1883.)

SERVICE OF SUMMONS ON TOWN CLERK.

    In an action instituted in the circuit court of the United States in 1863 against a town in Wisconsin, the marshal served the summons on the town clerk, and subsequently plaintiff filed a bill in equity to enforce payment of the judgment which had been obtained and entered in his favor. *Held,* that

even if the state statute and rule of the circuit court in force in 1863 could be applied to the case, the town clerk was not the head of the corporation, or its managing agent, in such sense that process could be served on him alone, and thereby give the court jurisdiction to enter judgment; that the want of jurisdiction could be taken advantage of in the subsequent proceedings for the enforcement of the judgment; and that the bill must be dismissed.

This was a bill in equity to enforce the payment by the several defendant towns of a certain judgment entered in this court in favor of the complainants, in 1863, against the town of Dexter. Confessedly the bill set forth sufficient grounds for equitable relief, if a valid judgment was recovered. Whether or not such a judgment was recovered depended upon the sufficiency of the service of the summons in the action at law against the town of Dexter. The return of service by the marshal upon the summons was as follows:

"Served on the within-named town of Dexter, by showing this summons to Vroom Talmadge, town clerk of said town, this twenty-sixth day of June, A. D. 1863, and leaving a true copy with him.

"D. C. JACKSON, Marshal.
"By J. H. BRANDS, Deputy."

The question involved was raised by plea to the jurisdiction of the court. It appeared that by chapter 90 of the Revised Statutes of Wisconsin of 1849, entitled "Of Process, of the Commencement of Suits," etc., it was provided that in all suits against the inhabitants of a town the summons or declaration should be served by leaving an attested copy thereof with the clerk of the corporation, and by also leaving a like copy with one of the officers of the town. By other provisions contained in the same volume of statutes, relating to proceedings by and against corporations in courts of law, it was declared that suits against corporations might be commenced by writ or summons, or by declaration, in the same manner that personal actions might be commenced against individuals, and that such writ, or a copy of such declaration, in any suit against a corporation, might be served on the presiding officer, the cashier, clerk, secretary, or the treasurer thereof, or if there was no such officer, or none could be found, such service might be made on any other officer, agent, or member of such corporation, or in such other manner as the court in which the suit should be brought might direct. Thus stood the law until the adoption of the Code in 1856, which, in the thirty-ninth section thereof, provided that in a suit against a corporation the summons should be served by delivering a copy thereof to the president or other head of the corporation, secretary, treasurer, cashier, director, or managing agent thereof; but that such service could be made in respect to a foreign corporation only when it had property within the state, or the cause of action arose therein. Provision was also made in the same section for service of the summons in all cases not particularly specified, (cities, towns, and villages not being mentioned,) by delivering a copy thereof to the defendant personally, or, if not found, by leaving a copy at his usual place of abode.

In 1858 a new Revision of the statutes of the state was made, and by this Revision all acts contained in the Revised Statutes of 1849 were repealed.

Section 9 of chapter 124 of the Revised Statutes of 1858 substantially re-enacted section 39 of the Code of 1856, before referred to. But by section 1 of chapter 148 of the same Revision, entitled "Of Proceedings by and against Corporations," it was provided that—

"Actions against corporations may be commenced in the same manner that personal actions are commenced against individuals. The summons shall be served by delivering a copy thereof to the president or other head of the corporation, secretary, cashier, treasurer, director, or managing agent thereof, but such service can be made in respect to a foreign corporation only when it has property within this state, or the cause of action arose therein."

These were the only provisions of law in the Revision of 1858 in relation to the service of process upon corporations, except that, in suits against any town commenced before a justice of the peace, it was provided that the first process against such town should be served upon the town clerk and chairman of the board of supervisors.

In 1863 section 1 of chapter 148 of the Revised Statutes was amended by adding thereto a provision with reference to the service of process upon a railroad company, but otherwise the amended section was not changed.

In 1865 the legislature passed an act amending the provision of the Revised Statutes of 1858, in relation to the service of summons in civil actions, by providing that in an action against a town, the summons should be served by delivering a copy thereof to the chairman of the board of supervisors and the town clerk.

Thus it appeared that, from the time of the repeal of the Revised Statutes of 1849 until the passage of the act of 1865, there was not contained in the statutes of Wisconsin any provision for the service of process in an action brought in a court of record against a town, unless it be considered that the general provisions of law which have been cited, relating generally to the service of process in actions against corporations, were intended to embrace and be applied to towns.

On the first day of May, 1863, which was prior to the commencement of the suit in question against the town of Dexter, certain common-law rules for the eastern district of Wisconsin were adopted, among which is the present rule 32, which provides, in substantially the language of the state law then existing with reference to the service of process on corporations, that—

"In suits against corporations, the summons or other mesne process shall be served by delivering a copy thereof to the president or other head of a corporation, secretary, cashier, treasurer, director, or managing agent thereof, its general attorney, or its agent, upon whom process may be served."

Rule 82 provides that—

"The laws that may be in force in the state relating to practice and evidence, not inconsistent with the laws of the United States or the decisions

and rules of the supreme court, or these rules, are to be deemed and considered as rules of this court, so far as applicable."

These rules were in force at the time of the commencement of the suit at law against the town of Dexter and the service of the summons on the town clerk.

*Finches, Lynde & Miller*, for complainant.

*J. C. McKenney*, for defendant town of Dexter.

DYER, J. The argument of defendant's counsel is, that after the repeal of the Revised Statutes of 1849, until the passage of the act of 1865, there was a total omission in the state legislation on the subject of the service of process to provide a method by which process should be served in suits commenced in courts of record against towns, and that all provisions of law in force during that period, relating to the service of process on corporations, had reference only to private and not municipal or public corporations; that rule 32 of this court, adopted in 1863, and in force when the suit at law against the town of Dexter was begun, was but a copy of the statutory provision of the state then in existence, and, like it, only related to suits against private corporations; that, in this state of legislation on the subject, such service of process on a town should then have been made,—if it could be made at all,—as would most nearly approach the statutory requirement of personal service; which, it is contended, in the case of a town, would be service on such officers as directly represented the town and had immediate charge of its affairs, namely, the supervisors of the town, and perhaps, in conjunction with them, the town clerk; and that, as illustrating the force of this position, it is observable that when the statutes are found to have prescribed the manner in which process could be served upon towns,—as in the Revision of 1849, in the act of 1865, and again in the Revision of 1878,—it is expressly provided that the summons shall be served, not only on the town clerk, but also on some other officer of the town, as the chairman of the board of supervisors.

On the part of the complainant the contention is that rule 32 of this court must prevail on the question; that in that rule no distinction is made between private and public corporations; that although it does not specifically designate any such officer as is commonly known in connection with a town, or the management of its affairs,—except treasurer,—the term "managing agent" may be deemed sufficient to embrace such an officer of a town as the town clerk; that if this rule is not thus to control in the determination of the question, and if, therefore, recourse must be had to the state statutes, it is to be observed that, like the rule, no distinction was made in the statute then in force between private and public corporations, and that the language of the provision in the Revision of 1858 and in the act of 1863, wherein the "managing agent" of a corporation is named as a person upon whom service may be made, is sufficiently comprehensive to embrace such an officer of a town as the town clerk, who,

it is contended, by virtue of the duties devolved upon him by statute, is, in large sense, a managing agent of the town.

In view of the lapse of time since the entry of judgment in the suit at law against the town of Dexter, and the consequent effect of the statute of limitations upon the plaintiff's demand, if it be held that a valid service of process was not made in that suit, the inclination of the court has been to seek for some tenable grounds upon which to sustain the jurisdiction and judgment. But I cannot reconcile such a ruling with what seems to be the inevitable law of the case.

The intention of the legislature, in enacting that when a corporation should be a party to a suit, process should be served on the president or other head of the corporation, secretary, cashier, treasurer, director, or managing agent, seems manifest. There is hardly room for doubt that this statute was intended only to apply to private corporations, as distinguished from public or municipal corporations. The enumeration of officers upon whom, in such cases, process could be served, is peculiarly one applying to private corporations. As we have seen, this provision first appeared in the Revision of 1849, and in the same Revision there was another and additional provision for service of process on towns. Thus the law stood until 1858, when the first-named statute was continued, and the other dropped out, under the general repealing clause in the Revision of 1858. The neglect to continue in force the provision in relation to towns was evidently a *casus omissus*. And if it had been supposed that the statute relating to corporations generally, applied to towns, why did the legislature, in 1865, and while that statute was in full force, pass a special act providing for the service of process on towns? The passage of that act is only reconcilable with the supposition that it was then well understood that the statutory provision then existing only applied to private corporations; and it may be here observed that at the present time the two provisions, somewhat changed in phraseology, but one relating to corporations generally, and the other to towns specifically, are part of the statutes of the state, each in full force. Then, further, the act of 1865 is not an amendment of the previous provision in relation to service on corporations. It is an act amendatory of the general law concerning the commencement of civil actions, and, so far as it covers the case of towns, it is a new and original act. In amending the statute in reference to service of process on corporations, as was done in 1863, by providing for service on railroad companies, the legislature further manifested its understanding of the class of corporations covered by the statute. A town, it is true, has a treasurer, but it has no such officer as a president, a secretary, a cashier, a director, or a managing agent, in the sense in which those designations of official character or function are used in the statute.

The court must say that it can hardly think the question debatable.

One of the grounds upon which the supreme court of this state held, in *Burnham* v. *Fond du Lac*, 15 Wis. 193, that a municipal corporation was not liable to garnishment, was that the statute which provided that "a corporation may be summoned as garnishee by service of notice   *   *   *   upon the president, cashier, treasurer, secretary, or other agent or officer of the corporation," etc., did not describe the officers of a municipal corporation, but only the usual principal officers of a private corporation.

If this view must be taken of the statute in relation to the service of process on corporations in force when the suit against the town of Dexter was begun, the same view must be taken of rule 32 of this court, for the language of the statute and rule are substantially identical, and I cannot doubt that the rule was intended only to apply to private corporations. Presumably, the reason why the court did not by express rule provide for the case of municipal corporations was because it must have been supposed, as it naturally would be, that the state statute contained special provisions on that subject, and therefore that rule 32 and such statute would be a sufficient guide in cases against such corporations.

But if the statute in force at the time, and rule 32, could be so construed as to embrace suits against municipal corporations, could the service of process on the town clerk of Dexter even then be held a good and valid service on the town? Was the town clerk the head of the corporation or the managing agent of the town in such a sense as to make service upon him alone sufficient?

By the law of the state, in 1863, each organized town was a body corporate, and as such might sue and be sued, and might appoint agents and attorneys in that behalf; might purchase and hold real and personal estate for the public use, and convey and dispose of the same, and might make contracts necessary for the exercise of its corporate powers. The qualified electors could direct the institution and defense of suits in all controversies between towns and individuals, and require money to be raised for prosecuting and defending such suits.

The chairman of the supervisors was made by the statute the chairman of town meetings. The board of supervisors could accept the resignations of other town officers, and make temporary appointments to fill vacancies, and generally it was provided that—

"The supervisors of each town shall have charge of such affairs of the town as are not by law made the duty of other town officers; and they shall have power to draw orders on the town treasurer for the disbursement of such sums as may be necessary for the purpose of defraying the incidental expenses of the town, and for all moneys raised by the town to be disbursed for any other purpose, except moneys for the support of schools."

The supervisors were also made the commissioners of highways and the overseers of the poor, and were empowered to prosecute, for the benefit of the town, all actions upon bonds and against sureties;

to sue for and collect all penalties and forfeitures incurred by an officer and inhabitant of the town; and to prosecute for any trespass committed on any public building or property belonging to the town. In *Haner* v. *Town of Polk*, 6 Wis. 349, it was held that town supervisors may defend an action brought against the town without being expressly authorized by a vote of the town electors for that purpose. The chairman of the town supervisors was required by the statute to attend the annual meeting of the county board of supervisors, and represent his town and its interests in that body.

The town clerk was made the custodian of the records, books, and papers of the town. It was made his duty to file and keep the same, and to record such as were by law required to be recorded. It was his duty to transcribe, in the book of records of his town, minutes of the proceedings of every town meeting, and to file and preserve all accounts audited by the town board, or allowed at a town meeting. He was authorized to appoint a deputy, and to execute in his name of office, and under his hand and seal, all conveyances of land belonging to the town and sold in pursuance of an order of the town. It was his duty also to assess the amount of any judgment against the municipality upon its taxable property, and place the same in the town assessment and tax roll for collection.

These, generally, were the duties and powers of town supervisors and clerks in 1863, and are still; and it will be seen that the supervisors were and are largely intrusted with the direction of the affairs of the town, and with the performance of duties involving the exercise of authority and discretion; while, in the main, the duties of the clerk were and are purely clerical. The supervisors, in their joint official action, constitute the town board, of which the town clerk is the clerk to keep a record of its proceedings, and throughout the statutes it is apparent that the duties of this officer are made subordinate to such as involve the exercise of authority and discretionary power. And, on the whole, it seems clear that the supervisors of the town, and certainly the chairman of the board, more nearly approach the character of the head of the corporation or managing agent than does the town clerk. I can hardly see how, in any proper sense, that officer can be given that designation. Certainly it would seem that as the supervisors may directly represent the town in the prosecution and defense of suits, they, or some one or more of them, by the nature of their functions are the proper persons, as the head or managing agents of the corporation for that purpose, on whom process, necessary to bind the town in a judicial proceeding, should be served. No authority is given to the clerk to represent the town in any such proceeding. The officers upon whom the most general authority is conferred are the supervisors. The clerk cannot be said to be a general or managing agent of the town, because specific and even general subjects and duties are committed by law to other officers, and therefore do not belong to him. *Cabot* v. *Britt*, 36 Vt. 351. And certainly, in all

matters pertaining to the conduct, defense, and management of suits, the supervisors, and not the clerk, are the agents of the town. It is their province and not his to act for the town in reference to such suits. In that respect, as in many others, they and not the clerk are the chief executive officers of the town. Their duty it is to maintain or defend, as the case may be, the rights of the municipality in legal proceedings.

At common law the process against a corporation could only be served on its head or principal officer within the jurisdiction of the sovereignty where the artificial body existed. 2 Bac. Abr. 12; *Matter of McQueen* v. *Middletown Manuf'g Co.* 16 Johns. 6; *Bushel* v. *Ins. Co.* 15 Serg. & R. 176. "In proceedings against a corporation the process should be served on the mayor or other head officer; and if the defendants do not appear before or on the *quarto die post* of the return of the original, by an attorney appointed under their common seal, (for they cannot appear in person,) the next process is a *distringas,* which should go against them in their public capacity; and under this process the sheriff may distrain the lands and goods which constitute the common stock of the corporation." 1 Tidd, Pr. 116. And where statutes prescribe the manner of service they must be strictly pursued. *Romaine* v. *Com'rs,* 1 Iowa, (Morris,) 470; *Pollard* v. *Wegener,* 13 Wis. 636.

On the whole, it is the conclusion of the court, from which it can see no way of escape, that even if the statute of the state and rule of this court in force in 1863 can be applied to the case, the town clerk was not the head of the corporation or its managing agent in such sense that process could be served on him alone, and thereby give to the court jurisdiction to enter judgment. *City of Sacramento* v. *Fowle,* 21 Wall. 119, was cited by counsel for complainants. That case does not help this, because there the charter of the city provided that the president of the board of trustees should be the general executive head of the city, and the California process act provided that in a suit against the corporation the summons should be served on the president or other *head of the corporation,* secretary, cashier, or managing agent thereof. This statute, it seems, was regarded as applying to municipal corporations. The case does not show that any point was made against that view, but the service was made on the president of the board of trustees, and the court sustained the service because he was the head of the corporation, as expressly declared by the charter.

It was suggested on the argument that, by taking jurisdiction of the case, the court must have passed on the question of the sufficiency of the service. Presumably this is so; but the defendant did not appear, and where it is shown that, in fact, jurisdiction was not obtained because of insufficient service of process, it is an established principle that the want of jurisdiction may be taken advantage of in subsequent proceedings for the enforcement of any judgment which the court may have entered.

The bill must be dismissed.