William O'Donnell, Plaintiff-Appellant,

v.

Roxanne Kaye, Defendant-Respondent.

Court of Appeals

*No. 2013AP2615. Submitted on briefs September 23, 2014.*
*—Decided December 3, 2014.*

2015 WI App 7

(Also reported in 859 N.W.2d 441.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Thomas A. Ogorchock* of *Miller & Ogorchock, S.C.*, of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Roxanne Kaye*, pro se.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. BROWN, C.J.   In this case the plaintiff tried to accomplish service by publication and mailing, but when it came to the mailing step, he sent the pleadings to the wrong address. The circuit court concluded that the failure to mail to the defendant's known address was a fundamental defect in the service of process, and we agree. "Close enough" is not good enough when it comes to service of process. Our legislature prescribes strict methods for the service of process before the court will have jurisdiction over the defendant. Where the plaintiff failed to duly perform those requirements, there can be no jurisdiction. Certain minor errors within the pleadings may be technical defects, but failing to complete the physical act of mailing to the defendant's known address is not such an error. When service depends on mailing, mailing to the wrong place is a fundamental failure of the core requirements of personal jurisdiction. We affirm.

*Facts*

¶ 2.   William O'Donnell filed his lawsuit in February 2013 and immediately attempted personal service. Repeated attempts at personal service failed. In late March, O'Donnell resorted to service by publication and mailing, as permitted by WIS. STAT. § 801.11(1)(c)

514

(2011–12).[1] O'Donnell published the legal notice required by § 801.11(1)(c) and mailed an authenticated copy of the summons and complaint.

¶ 3. Roxanne Kaye filed an answer to the complaint on May 7, 2013. In June, she moved to dismiss for lack of personal jurisdiction due to insufficient service of process. She asserted that O'Donnell failed to exercise reasonable diligence to personally serve her before serving her by publication and mailing and that O'Donnell failed to properly serve by publication and mailing.[2] Kaye asserted that no copy of the pleadings was mailed to her home address and that she obtained a copy of the pleadings by purchasing a photocopy of them at the Waukesha courthouse. She argued that the defects in service were fundamental and deprived the court of jurisdiction.

¶ 4. O'Donnell responded with proof of his repeated attempts at personal service and documentation of service by publication and mailing. Review of O'Donnell's documentation, however, revealed that the pleadings had been mailed to "W138 S7513 Fairfield Avenue" instead of Kaye's correct address, "W136 S7513 Fairfield Drive." In other words, the address to which the pleadings were sent differed from Kaye's in both the street number ("W138" instead of "W136") and in the street name ("Avenue" instead of "Drive"). O'Donnell admitted the typographical error but argued that there was no prejudice to Kaye.

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

[2] Kaye also asserts that the mailing was not completed in a timely manner, but the circuit court did not address that argument, and neither do we. *Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) ("As one sufficient ground for support of the judgment has been declared, there is no need to discuss the others urged.").

¶ 5.   The circuit court found that O'Donnell used "reasonable diligence" in attempting personal service but that his substitute service by publication and mailing was ineffective because he mailed the pleadings to the wrong address. The court stated there was "no discretion" to overlook that mistake. O'Donnell moved to reconsider, arguing that the error was technical, not fundamental, and that Kaye was not prejudiced by it. The court denied the motion, concluding that failure to mail to the "proper last known address" was not a technical defect but a "substantive" one. O'Donnell appeals.

## *Discussion*

¶ 6.   There is a threshold issue to dispense with in this case because Kaye argues that O'Donnell failed to exercise "reasonable diligence" in his efforts at personal service before resorting to service by publication and mailing. *See* WIS. STAT. § 801.11. On appeal, however, we may not disturb the court's factual findings with respect to the plaintiff's "reasonable diligence" unless they are against the great weight and clear preponderance of the evidence. *Welty v. Heggy*, 124 Wis. 2d 318, 324, 369 N.W.2d 763 (Ct. App. 1985). We find no error in the circuit court's factual determinations establishing that O'Donnell exercised reasonable diligence in his attempts at personal service, so we affirm the circuit court's decision that service by publication and mailing was permitted.[3]

---

[3] Kaye argues on appeal that "any diligent process server" could have found her, but O'Donnell submitted affidavits of numerous process servers detailing their repeated, unsuccessful attempts to accomplish personal service. We accept the circuit

¶ 7.   The real issue is whether O'Donnell successfully accomplished service by publication and mailing. Service by publication and mailing under WIS. STAT. § 801.11(1)(c) requires the following:

> If the defendant's post-office address is known . . . there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

Since O'Donnell knew Kaye's address, but did not mail the pleadings to that address, there was a defect in the service. *See Burnett v. Hill*, 207 Wis. 2d 110, 121, 557 N.W.2d 800 (1997) (concluding that failure to comply with the requirement that an authenticated copy of the pleadings "shall be mailed" in § 801.11(c) was a defect). O'Donnell does not seriously dispute[4] that he erred by

court's implicit finding that O'Donnell's proof of his diligent attempts at personal service overcame Kaye's contrary assertions about the diligence of the various process servers. *See Town of Avon v. Oliver*, 2002 WI App 97, ¶ 23, 253 Wis. 2d 647, 644 N.W.2d 260 (accepting implicit findings of the circuit court that are supported by the record).

[4] O'Donnell asserts without authority that "a reasonable argument could be made that there was absolutely no error," pointing to the fact that Kaye conceded she was in possession of the pleadings. But O'Donnell has always conceded that he sent the pleadings to the wrong address, and Kaye vigorously disputes that she received any misaddressed mail. She insists that she obtained a copy of the pleadings from the courthouse, not in her mailbox. At no time did the circuit court resolve this dispute of fact concerning whether Kaye received mail sent to the wrong address, and we do not resolve disputes of fact on appeal. In any event, O'Donnell's concession that the mail was sent to the wrong address establishes a defect in the process of fulfilling the requirement of WIS. STAT. § 801.11(1)(c) that in

mailing the pleadings to the wrong place, but he argues that his mistake was a mere "technical" defect, not a fundamental one.

¶ 8. It is true that in some cases a mistake that violates the letter of the statutory requirements for service of process (e.g., signing the complaint but not the summons) may be deemed a "technical" defect that does not defeat jurisdiction. *Mahoney v. Menard Inc.*, 2011 WI App 128, ¶ 9, 337 Wis. 2d 170, 805 N.W.2d 728 (discussing *Gaddis v. LaCrosse Prods., Inc.*, 198 Wis. 2d 396, 542 N.W.2d 454 (1996)). While a "fundamental" defect in service precludes the exercise of personal jurisdiction, a "technical" defect does not preclude jurisdiction in the absence of prejudice. *Id.*

¶ 9. Whether a particular defect is technical or fundamental is a question of law we review de novo. *Id.*, ¶ 6. The burden of establishing that a defect was technical is on the party who committed the error. *Johnson v. Cintas Corp. No. 2*, 2012 WI 31, ¶ 26, 339 Wis. 2d 493, 523, 811 N.W.2d 756.

¶ 10. In determining whether an error in the address used during the "mailing" component of service by publication and mailing is a "fundamental" defect, we must look to the purpose of the mailing requirement. *Mahoney*, 337 Wis. 2d 170, ¶ 6 ("[W]hen a pleading that contains a defect nevertheless comports with the purpose and nature of the statute, the defect is generally technical." (alteration in original) (citation omitted)). Because the mailing requirement is one of the statuto-

addition to publication, the pleadings shall be mailed to the defendant's address if it is known.

rily mandated components of service by publication and mailing, its purposes are twofold: giving the defendant notice of the lawsuit and establishing the court's authority over the defendant with respect to the dispute. *See Johnson*, 339 Wis. 2d 493, ¶ 24 (discussing the two purposes of serving a summons). It is by complying with the legislatively mandated requirements of service that the plaintiff is able to confer the court's personal jurisdiction over the defendant, so failure to carry out "statutorily proper service of process" will be "fatal" to jurisdiction. *Hagen v. City of Milwaukee Employes' Ret. Sys. Annuity & Pension Bd.*, 2003 WI 56, ¶ 13, 262 Wis. 2d 113, 663 N.W.2d 268.

¶ 11.  Strict compliance with the procedures for alternative forms of service is no less important than strict compliance with the requirements for personal service. "Statutes which dispense with the actual personal service of process, and in its place provide that which is less certain and satisfactory, must be strictly pursued." *Pollard v. Wegener*, 13 Wis. 636, [*569], 643, [*575] (1861). "[E]very measure which the legislature has adopted for the purpose of securing . . . that the [defendant] may receive actual notice, should be particularly carried into effect." *Id.*; *see also Johnson*, 339 Wis. 2d 493, ¶ 43 ("[A]ctual notice alone is not enough to confer jurisdiction upon the court. Service must be made in accordance with the manner prescribed by statute." (citation omitted)).

¶ 12.  What O'Donnell characterizes here as a minor flaw—a wrong digit in the house number, along with a partially incorrect street name—is in fact, nonetheless, an absolute failure to carry out one of his two duties in accomplishing service by publication and

mailing. Under WIS. STAT. § 801.11(1)(c), service by publication and mailing requires *both* publication and mailing to the defendant's "known" address. The only situation in which mailing is excused is when the defendant's address is not known and cannot be ascertained through reasonable diligence, and neither of those exceptions applies here. *Id.* Mailing to the wrong address is analogous to personal service on the wrong person. It is simply not good enough.

¶ 13. While no Wisconsin case addresses this precise issue, cases in other jurisdictions recognize that mailing to the wrong address during service by mailing is a fatal defect defeating the court's jurisdiction. *Hinton v. Lipis*, 2008 Mass. App. Div. 196, at *2 (Mass. Dist. Ct. 2008) (where by "ordinary mistake or simple inadvertence" pleadings were served and mailed to the plaintiff's address, rather than the defendant's address, the action should have been dismissed), *aff'd*, 914 N.E.2d 361 (Mass. App. Ct. 2009); *Foster v. Cranin*, 579 N.Y.S.2d 742, 743 (N.Y. App. Div. 1992) ("mail[ing] to an incorrect and incomplete address" is improper service of process); *Regency Towers LLC v. Landou*, 807 N.Y.S.2d 863, 864 (N.Y. Civ. Ct. 2006) ("The general rule is that an incorrect address on a mailing must lead to dismissal, for the court will not have acquired personal jurisdiction.").

¶ 14. Service by publication and mailing cannot establish personal jurisdiction where one of the key steps—mailing to the defendant's known address—was not carried out. It might be a different case if the mail were sent to the correct address, but somewhere along the line, an error by the postal service, shenanigans by the defendant, or some other third party interfered with delivery to the defendant. Here, however, the error was the sole fault of the plaintiff. Where the plaintiff

failed to successfully complete one of the strict statutory requirements for alternative service, the defect is fundamental, and the action was properly dismissed for lack of personal jurisdiction.

*By the Court.*—Order affirmed.