## SAWYER *v.* MILLER and others.*

*(Circuit Court, S. D. Georgia, W. D.  May Term, 1882.)*

1. LETTERS PATENT—COTTON-GINS—INCONSISTENCY AND UNCERTAINTY IN DE-
   SCRIPTION.
      In reissue to Peter C. Sawyer, No. 6,169, there is an inconsistency between
   the first and fourth specifications, or else a failure to describe with clearness the
   invented patent.
2. WHAT WILL SUSTAIN A PATENT.
      A mere carrying forward, or new or more extended application of the original
   thought, a change only in form, proportions, or degree, the substitution of
   equivalents, doing substantially the same thing in the same way, by substan-
   tially the same means, with better results, is not such an invention as will sus-
   tain a patent.
3. ISSUANCE OF A PATENT—EFFECT.
      The issuance of a patent makes only a *prima facie* case that the thing is pat-
   entable and that the patentee is the original and first inventor

In Equity.   On final hearing.

The following is a representation of the patent upon cotton-gins
claimed by Peter C. Sawyer:

*H.* Front.                *f.* Cotton board.
*d.* Upper portion of ribs.

The first claim is for "the front, *H,* with interior curve, the center
board, *f,* with interior curve, and the curved upper portion of the
ribs, *d,* combined and forming the major part of a circle in the roll
box, so that the cotton is ginned by the saws in a circular roll."   The
fourth claim is for "the swinging front, *H,* hinged at the upper end,
and both the upper and lower ends made adjustable."   One question
in the case was as to the inconsistency in these specifications; the

*Reported by W. B. Hill, Esq., of the Macon bar.

contention of defendants' counsel being that the combination upon which the patent is claimed, as above, could have no existence except at one particular adjustment of the gin, and that every change of adjustment, however slight, would destroy the combination, and with it the patent as to its first claim. All other facts material to an understanding of the case are stated in the opinion.

*Bacon & Rutherford* and *F. J. M. Daly,* for complainant.

*G. W. Gustin* and *W. C. Winslow,* for defendants.

PARDEE, C. J. The complainant brings his bill against the defendants for infringement of his patent "for improvement in cotton-gins," being reissued patent No. 6,169. The invention claimed relates particularly to the cotton box or hopper of a cotton-gin, and consists in the construction of the swinging front cotton board and ribs to form the main portion of the cotton box perfectly round without any sharp corners, etc. The infringement alleged relates to the following specifications: (1) The front, with interior curve, the cotton board, with interior curve, and the curved upper portion of the ribs combined and forming the major part of a circle in a roll box, so that the cotton is ginned by the saws in a circular roll. (2) The swinging front hinged at its upper end, and both the upper and lower ends made adjustable.

The evidence shows that some time in 1876 the defendants made and sold some cotton-gins in which the cotton roll box, as to circular form, was apparently the same as the specifications of complainant's patent, but that they have made none since.

Also that the patent issued to Orren W. Massey, original letters patent No. 167,679, is identical with complainant's reissued letters patent No. 6,169, of prior date. The defences in the case are: (1) Inconsistency in description of alleged invention; (2) no invention to warrant a patent, taking into consideration "the state of the art" at the time; (3) prior invention of Massey.

The first thing that struck my attention on the hearing was that the thing itself, as represented by the drawings produced, did not agree with the description and specifications, and that it could only be made to agree by one particular adjustment of the swinging front, and that at every variation from that particular adjustment the front, the cotton board, and the upper portion of the ribs ceased to combine and form the major part of a circle, as required by the first specification. A careful examination since satisfies me that there is a serious inconsistency between the first and fourth specifications, or else a failure to describe with clearness and certainty what is the invented patent.

As to the effect of a failure to clearly describe the invention, see *Evans* v. *Eaton,* 7 Wheat. 434. And here the matter becomes directly important, for there is nothing in the evidence to show whether the boxes of the gins made by the defendants, claimed as an infringement, had adjustable fronts or not; and if not, the boxes of those gins could not, as shown by the drawings, be in anywise an infringement, because the several parts necessary could not be combined so as to form the major part of a circle. The case shows that at and long prior to the claimed invention of complainant cotton-gins were in use with so-called circular roll boxes. The front was curved, and so were the cotton boards and the upper portion of the ribs. The parts were formed on the axes of various-sized circles, not similar circles, having a common center, according to the idea of the manufacturer. The alleged invention is merely to combine these well-known parts so as to form with them the major part of the same circle, leaving just what we had before—a circular roll box doing the same work in the same way, and (under the evidence) with doubtful better results.

"A mere carrying forward, or new or more extended application of the original thought, a change only in form, proportions, or degree, the substitution of equivalents doing substantially the same thing in the same way, by substantially the same means, with better results, is not such an invention as will sustain a patent." *Smith* v. *Nicholls,* 21 Wall. 119. See, also, *Roberts* v. *Ryan,* 91 U. S. 159; *Dunbar* v. *Myers,* 94 U. S. 199.

As to the effect of mere change of form, see *Winans* v. *Denmead,* 15 How. 344, and *Eddy* v. *Dennis,* 95 U. S. 569.

In *Reckendorfer* v. *Faber,* 92 U. S. 357, we find: The combination to be patentable must produce a different force or effect or result in the combined forces or processes from that given by their separate parts. There must be a new result produced by their union; if not so, it is only an aggregation of separate elements."

In this case the combination is not shown to produce a different force or effect or result from that given by the separate parts. The claim even of less friction in the roll is not sustained by the evidence. Argument is made, supported by authority, that the issuance of a patent makes a *prima facie* case—*First,* that the thing is patentable; and, *second,* that the patentee is the original and first inventor. But this case so made is *prima facie* only. *Reckendorfer* v. *Faber, supra.* Here, I think, both points of the claimed *prima facie* case are overcome. The first, for the reasons hereinbefore given, and the second, by the showing made that the commissioner issued a subsequent

patent for the same invention to Massey after and based upon the decision of the examiner of interferences that Massey, and not complainant, was the prior inventor.

On the whole case I am not satisfied that the specifications of the claimed invention are in " such full, clear, and distinct terms as to distinguish the same from all others before known," nor that the same is patentable, nor that complainant was the original inventor. The bill must therefore be dismissed, and a decree to that effect will be entered.