### MacDonald v. McLean.

#### (*Circuit Court, S. D. California. March 26, 1889.*)

PATENTS FOR INVENTIONS—PATENTABILITY—NOVELTY—JOINT MARKING TOOL.
Letters patent No. 334,125, January 12, 1886, to Malcom MacDonald, are for an implement for marking and dressing the joints of cement pavements and surfaces, having on its face a V-shaped blade with concave sides, for making the indentation or joint and convexing its sides, and laterally-concaved surfaces on its face on each side of and adjoining the blade, and continuing the curvature of its sides for convexing the edges and adjacent surfaces of the joint, the whole face being convexed in the direction of its length, and a handle and shank being bolted between the side pieces above the blade, which is also clamped between them. For many years before the application tools laterally concave and longitudinally convex on their faces were in general use, and produced, in substantially the same way, substantially the same re-

sults. *Held* that, though the patented implement may be more perfect in lateral concavity and longitudinal convexity, and consequently do better work, the patent is void for want of novelty.

In Equity.

Bill by Malcom MacDonald against William McLean, for the infringement of letters patent No. 334,125, issued to complainant January 12, 1886, on application filed August 26, 1885. The claims are:

"(1) A tool or implement for marking and dressing the joints of cement pavements and surfaces, having on its face a cutting blade or rib for making the indentation or joint, and laterally-concaved surfaces on its face on each side of and adjoining the blade or rib for rounding or convexing the edges and adjacent surfaces of the joint, substantially as herein described. (2) A tool or implement for marking and dressing the joints of cement pavements and surfaces, having on its face a V-shaped cutting blade or rib with concave sides for making the indentation or joint and convexing its sides, and laterally-concaved surfaces on its face on each side of and adjoining the blade or rib, and continuing the curvature of its sides, for rounding or convexing the edges and adjacent surfaces of the joint, substantially as herein described. (3) A tool or implement for marking and dressing the joints of cement pavements, having a rubbing face and a cutting blade or rib thereon for the joints, the face and rib being rounded or convexed in the direction of its length, substantially as described. (4) A tool or implement for marking and dressing the joints of cement pavements and surfaces, having on its face a cutting blade or rib with concave sides for making the indentation or joint and convexing its sides, and laterally-concaved surfaces on its face on each side of and adjoining the blade or rib, and continuing the curvature of its sides, for rounding or convexing the edges and adjacent surfaces of the joint, the whole face of the implement, including the blade or rib, being rounded or convexed in the direction of its length, substantially as herein described. (5) A tool or implement for marking and dressing the joints of cement pavements and surfaces, consisting of the angled pieces, *a*, the blade or rib, B, and the handled shank, *d*, both blade and shank being clamped between the angled pieces, substantially as herein described. (6) A tool or implement for marking and dressing the joints of cement pavements and surfaces, consisting of the angled pieces, *a*, having laterally-concaved faces, the V-shaped blade or rib, B, clamped between the angled pieces, and projecting below their faces, and the handled shank, *d*, clamped between said pieces, substantially as herein described. (7) A tool or implement for marking and dressing the joints of cement pavements and surfaces, consisting of the angled pieces, *a*, having laterally-concaved and longitudinally-convexed faces, the V-shaped curved blade or rib, B, having concave sides, and clamped between the pieces, *a*, and the handle, D, and the shank, *d*, bolted between said pieces, substantially as described."

*Finlayson & Finlayson*, for complainant.

*Graves & O'Melveny* and *Chapman & Hendrick*, for defendant.

Ross, J. The bill in this case is founded on letters patent issued to the complainant for a joint marking and dressing tool for cement pavements. It charges infringement by defendant, and seeks to have him enjoined from further infringement, as well as to recover damages for past infringements. Besides denying any infringement, the defendant, in his answer, for the purpose of avoiding the patent, alleges: *First*, that the complainant was not the original inventor of any material or sub-

stantial part of the tool described in the patent and bill, but that the same was invented by one Magner, of Oakland; and, *secondly*, that a tool similar to complainant's patented tool had been in public use, and on sale in the open market in the state of California, more than two years before complainant made his application for a patent; that said tool had been for more than two years before said application publicly manufactured and sold in the cities of San Francisco, Los Angeles, and Oakland, and was publicly used in said cities by certain persons named in the answer. Voluminous testimony was taken, and a large number of exhibits introduced in evidence. I have examined the testimony and exhibits with care, and have reached the conclusion that the patent is invalid for want of novelty. No useful purpose would be served by a review in detail of the evidence. It is sufficient to state the grounds of my decision. If the patent is valid, I have no doubt from the evidence that the defendant infringed; but I think the evidence clearly shows that tools similar to complainant's patented tool were in public and general use in California more than two years before his application for a patent. What is claimed by the complainant as patentable is the lateral concavity and the longitudinal convexity of the face of the tool. Now, many of the numerous tools introduced in evidence, and which are shown to have been in general use in the trade for many years prior to complainant's application for a patent, are made upon precisely the same principle, and, as the evidence shows, produce in substantially the same way substantially the same results. The face of them is concave laterally and convex longitudinally, and they mark or joint the cement, to prevent cracking in the process of drying, and round or dress the edges to prevent chipping, just as complainant's tool does. It may be that complainant's tool attains a greater degree of perfection in its lateral concavity and longitudinal convexity, and consequently does better work than any of the others, but that is not sufficient; the established doctrine being that "a change only in form, proportions, or degree, the substitution of equivalents, doing substantially the same thing in the same way by substantially the same means, with better results, is not such invention as will sustain a patent." *Smith* v. *Nichols*, 21 Wall. 119. The bill must be dismissed, with costs to defendant, and it is so ordered.