## ARCHER et al. v. IMPERIAL MACH. CO.

(District Court, S. D. New York. January 11, 1913.)

1. PATENTS (§ 26*)—INVENTION—INCREASED UTILITY OF DEVICE.

Doing substantially the same thing in the same way, by substantially the same means, but with better results, is not such invention as will sustain a patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 27–30; Dec. Dig. § 26.*]

2. PATENTS (§ 328*)—INVENTION—MACHINE FOR PEELING POTATOES.

The Archer patent, No. 999,478, for a machine for peeling potatoes, consisting of a metal cylinder having a revolving metal disk near the bottom and its inner surface coated with a granulated abradant such as emery, is void for lack of invention; the only change over machines of the prior art being the substitution of the abrading material for metallic brushes, or other means of roughening the surface.

In Equity. Suit by Samuel B. Archer and others against the Imperial Machine Company. On final hearing. Decrees for defendant.

Duell, Warfield & Duell, of New York City (C. H. Duell, F. P. Warfield, H. S. Duell, and R. W. France, all of New York City, of counsel), for complainants.

H. S. MacKaye, of New York City, for defendant.

HOLT, District Judge. This is a suit for an injunction to prevent the alleged infringement of letters patent No. 999,478, issued to Samuel B. Archer for a machine for peeling potatoes. The machine consists of a metal cylinder having a metal disk near the bottom which revolves at an angle to the sides of the cylinder, and having the interior surfaces of the cylinder and the disk coated with a granulated abradant, consisting of emery or some similar substance, in combination with the mechanism for operating the same. In practice the potatoes are put in the cylinder, and the disk at the bottom made to revolve rapidly, with the result that the potatoes are thrown by centrifugal force against the sides of the cylinder, and then fall down upon the surface of the disk, the result of which operation is that after a certain time the skin of the potato is worn off and removed. Machines embodying these general principles are old. They have been used

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for removing the skin from fruit and vegetables, and for cleaning the surface of cotton and other seeds and of cork, all proceeding upon the theory of revolving a disk at the bottom of a cylinder rapidly, thereby throwing, by centrifugal force, the contents of the cylinder up against the roughened sides of the cylinder. The surfaces of the cylinder and disk, prior to the complainants' patent, had been made rough either by the use of metallic brushes or burrs or by having holes punched in the surface, as in a nutmeg grater, or by having the surfaces striated, or arranged in lines, and the complainant, Archer, claims that he was the first to use an emery lining of the cylinder and the disk in a potato peeling machine. Such a lining had been used in some of the seed cleaning machines, and is suggested as an equivalent in some of the patents, but apparently the kind of rough surface caused by the use of a granulated abradant such as emery or corundum peeled potatoes better than any rough surface which had been previously tried. The substantial claim of invention in Archer's original application was the arrangement of such a machine in such a manner that the disk and the cylinder while in operation were made to revolve in contrary directions. The application was rejected in the Patent Office. It was subsequently amended and rejected many times, and after final rejection in its present form by the original examiner an appeal was taken to the board of examiners in chief, which granted the patent. There had been a test of different potato peeling machines made in the Navy Department, and the officers of the Navy Department before whom the test was made thought that the work done by the complainants' machine was better than that done by the other competing machines. Apparently upon this evidence the board of examiners in chief granted the patent. In the opinion filed, the board states:

"The patents to Robinson, Williams, and Mayhew disclose devices for peeling fruits or vegetables, which devices are of the same general character as that of the applicant's, but differ therefrom in the nature of the peeling surfaces; Williams and Mayhew using metal surfaces with integral projections or burrs thereon, and Robinson using a grooved or striated metallic surface. We would agree with the primary examiner that the mere substitution of a lining or coating of granulated abradant for the burrs or striations of these devices would not involve invention, if no unexpected result attended the substitution. If such a substitution resulted in the paring of the vegetables with the same degree of efficiency obtained through the use of the roughened metal surfaces and no greater degree of efficiency, the applicant would merely have substituted one well-known abradant for another. The affidavit of the applicant and the accompanying report furnished by the Navy Department, filed in this case upon May 16, 1911, and passed upon by the primary examiner in accordance with the provisions of rule 141, show that a machine provided with peeling surfaces, lined or coated with a granulated abradant, developed in a competitive test very considerable and important advantages over machines having burred or striated metal for the peeling surfaces. These results, so far as we can perceive, could not have been foreseen by those skilled in the art and clearly confer patentability upon the applicant's machine over such references as the patents to Robinson, Williams, and Mayhew, and over any references showing merely that hard granular materials have abradant qualities, such as the patents to Davis, Patterson, and De Vasson."

[1] The substance of the decision of the examiners in chief is that Archer's device showed invention over the prior art, and was patentable, because it produced a better result. But the general principle is that doing substantially the same thing in the same way by substantially the same means with better results is not such invention as will sustain a patent. Smith v. Nichols, 21 Wall. 119, 22 L. Ed. 566; Roberts v. Ryer, 91 U. S. 150, 23 L. Ed. 267; Dunbar v. Meyers, 94 U. S. 187, 24 L. Ed. 34.

[2] In this case, in my opinion, the employment of a granulated surface for the cylinder and disk made of emery or any similar substance is a mere obvious equivalent for other methods of roughening the surface, and the only possible difference between the complainants' machine and previous machines is that it peels potatoes rather better than the preceding machines. It works on the same principle, it does the same .thing in substantially the same way, and I think that there was no invention in simply substituting a coat of emery on the inside of the cylinder and disk, instead of making those surfaces rough in some other way. It was a mere change in degree, and not in kind, and in my opinion the primary examiner in the Patent Office was correct in his decision that the patent should be refused on the ground that.it showed no invention.

The bill is dismissed, with costs.