## ÆOLIAN CO. v. WANAMAKER.

(Circuit Court of Appeals, Second Circuit. April 11, 1916.)

No. 184.

PATENTS ⬅️328—INVENTION—PIANO.

The Votey patent, No. 780,078, a combined pneumatic and manually operated grand piano, is for the adaptation of the pneumatic mechanism long in use in upright pianos to use in grand pianos, which could be done by a skilled mechanic, and is void for lack of patentable invention.

Appeal from the District Court of the United States for the District of Connecticut.

Suit in equity by the Æolian Company against John Wanamaker. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 221 Fed. 666.

The decree of the District Court dismissed the bill alleging the validity and infringement of letters patent No. 780,078, granted to Edwin S. Votey January 17, 1905, for improvements in pianos.

George D. Beattys, of New York City, and George D. Seymour, of New Haven, Conn., for appellant.

Frederick P. Fish, John P. Bartlett, J. L. Stackpole, and R. C. Mitchell, all of New York City, for appellee.

Before COXE and WARD, Circuit Judges, and LEARNED HAND, District Judge.

COXE, Circuit Judge. The alleged invention relates to combined pneumatic and manually operated grand pianos, the object of the patentee being to enable a manually operated grand piano to be played by pneumatic apparatus and devices incorporated in the construction of the piano, without interfering with the manual playing devices. In brief, the patent seeks to monopolize the playing of a grand piano by pneumatic apparatus.

The patent contains 63 claims and of these 32 are said to be involved. In the view which we take of the present controversy it will only be necessary to examine a single claim. The first claim is as follows:

"1. In a combined pneumatic and manually operated grand piano and in combination with the frame and sounding-board thereof, pumping mechanism, secured and supported upon said frame beneath the said sounding-board and provided with actuated mechanisms extending longitudinally of the frame and connected with actuating-treadles."

This claim, like all the rest, seeks to monopolize the old pneumatic playing devices which had long been in use in upright pianos, by placing them in grand pianos.

There can be no invention in transferring a mechanism from one machine to another, where it accomplishes the same result, because in one machine it is horizontal and in the other perpendicular. The mo-

---

, ment the demand for a grand player piano became urgent the service of the skilled piano workman was in demand. To change the mechanism from one to the other did not require inventive genius; any skilled piano workman could make the change. If the claim dealt broadly with all pianos it will hardly be pretended that they could be sustained in view of the numerous pneumatic pianos of the prior art. The question, therefore, reduces itself to this: Can mechanism which was well-known and free to all, when applied to other types of pianos, become the subject of a monopoly when applied to a horizontal instead of a perpendicular piano? If so, the question of invention will depend not on whether any new and useful result has been produced but on whether the precise combination, no matter how plain and obvious it may be, had ever been produced before.

We cannot resist the conclusion that when a demand came for a pneumatic grand piano player the skilled mechanics of the piano factories were perfectly competent to make the change from the upright and that doing so did not involve invention.

The decree is affirmed with costs.