case had been the piano, then the complainant patentee would have been entitled to all the defendant's profits on the piano over $250, as Judge Hazel originally held. As, however, this court on appeal has held that the article sold was not the piano, but the piano case, the question is: What profits did the defendant make on the sale of the case? It is conceded, and indeed is obvious, that it is impossible to prove any such profit separately. The design contributes only to the selling of the piano; it does not affect either its tone, its durability, its economy, or its use. Therefore I think all the complainant can recover in this case is $250. The method adopted by the court below on the accounting and approved by this court is purely arbitrary. To say that the design contributes to the profits in the proportion that the cost of manufacturing the case bears to the cost of manufacturing the whole piano is a pure guess. It seems to me that the logical result of the opinion of the court should be that the complainant recover all the defendant's profits on the piano. We should not be dismayed by the consequences of a statute whose construction is plain.

───────────

## HERZOG v. CHARLES KELLER & CO., Inc.

### (Circuit Court of Appeals, Second Circuit.   May 9, 1916.)

### No. 243.

1. PATENTS ☞328—VALIDITY AND INFRINGEMENT—METHOD OF FORMING CUFF BUTTON.
    The Herzog patent, No. 979,163, for a method of forming cuff buttons, construed, and *held* not infringed.

2. PATENTS ☞328—VALIDITY AND INFRINGEMENT—CUFF BUTTON.
    The Herzog patent, No. 973,864, for a cuff button, construed as it must be to sustain its validity, *held* not infringed.

3. PATENTS ☞20—INVENTION—UNITING SEPARATE PARTS IN ONE.
    The case is rare in which the bare idea of consolidating several members into one involves invention.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 20–22; Dec. Dig. ☞20.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Joseph L. Herzog against Charles Keller & Company, Incorporated. Decree for defendant, and complainant appeals. Affirmed.

The following is the opinion below of Learned Hand, District Judge:

[1] I shall first consider the method patent, which I find not to have been infringed. The claims are all of the most specific character; they speak of forming the disks from the thin portions and the connecting bar, portion, or metal from the rib of a "ribbed blank." This by reference to the figures is

plain language; it is still plainer when one examines the language of the specification. I start with "the blank A, having a rib or thickened portion B extending transversely across the same, as illustrated in Figs. 1, 2, and 3" (lines 64–67). Again, "the disks D and E being formed from the thin portions of the blank A, and the thickened portion F from the rib B of the blank A" (lines 23–76). Again, "it will be seen that thus far the disks D and E with their flattened edges G–G lie in substantially the same plane" (lines 82–85). All this language is wholly inapplicable to the defendant's process. The modifications suggested in the patent also both start with the same blank.

The plaintiff invokes the doctrine of equivalents, which as a doctrine no one denies. It does not apply here, because the method is not substantially the same. The patented button is to be made with the two disks in one plane, while the defendant's disks are made in parallel planes. The patented button is to be made with two disks of substantially the same thickness as the thin portion of the blank; one of the defendant's disks must be hammered out from a thick rib, while the other disk is not properly a disk at all. No one can call the defendant's I-beam a "ribbed blank" without altogether deserting the specifications. The plaintiff insists that this may be done if we measure the I-beam through its longer axis; then it may be called a "ribbed blank," but it is as little a "ribbed blank" measured one way as the other. The language is plain enough, till we treat it sophistically. If all these specified features be called unessential to the patent, I confess that I can see nothing left but the process of making the button by the use of dies out of an original blank, taken as nearly as convenient to the eventual shape. That was not the patent granted; it would not have been valid, if it had been granted. The doctrine of equivalents would destroy the patent itself.

Therefore I dismiss the bill as to the process patent for noninfringement, without passing upon its validity. It may well be that invention was required to devise the process of each party, but the first inventor could not cover all other processes arriving at the same result.

[2] I next come to the manufacture patent, which seems to me to be invalid unless so construed that the defendant does not infringe. The claim consists of three elements: First, a single piece cuff button; second, two disks connected by a bar; and, third, the bar merging into the disks at points within their outer edges. Solid cuff buttons were not in themselves new (Hills, 543,244), and the file wrapper shows that the thickness of the bar relative to the disks and the merging of the metal into a disk was not sufficient in the judgment of the examiner to differentiate from Hills. The single claim was allowed only in that the metal of the bar merged into the disks at points within their outer edges. This feature is, however, shown in three patents now in evidence, one of which was before the examiner, Allen, 645,307; the other two are Henerlau, 778,241, and Ball, 944,251. A close scrutiny of figures 2 and 4 of Henerlau show that each leg of the bar runs into the disk at points within its outer edge, probably as much within as the patent in suit. See Fig. 2. The same feature is even more clearly shown in Ball, which has a turned-up edge.

[3] The only possible invention involved in the patent is to make out of one piece Henerlau's or Ball's button. In view of Hill's patent for a one-piece button, this can hardly be regarded as invention; indeed, it would scarcely have been invention even if Hill had not shown a one-piece button. Howard v. Detroit Stove Works, 150 U. S. 164, 14 Sup. Ct. 68, 37 L. Ed. 1039; General Electric v. Yost, 139 Fed. 568, 71 C. C. A. 552; Lawson v. Metal Products Co., 209 Fed. 51, 126 C. C. A. 193. I do not mean that these cases decide that it is never invention to consolidate into one piece what has formerly been composed of three pieces. This may at times result in a consolidation of functions. The case must, however, be very rare in which the bare idea involves invention to consolidate several members into one. To overcome difficulties of manufacture involved in such a change may involve the very highest invention; but, since the patent does not concern such difficulties, it must rest solely upon the idea of the integrity of the button.

Nor do I think it fair to attribute the success of this button to this idea.

Its success rather, it seems to me, must be attributed to the fact that an integral button could be manufactured cheaply by ordinary machine processes. The success of Herzog's button may well have depended upon his being the first to secure a cheap process for an integral button.

However, it does not follow that this patent is invalid. The phrase of the claim, "merging into the metal of which the disks are formed," is defined in lines 70 to 80, particularly in lines 75 to 80, as follows: "This metal, therefore, not only serves to strengthen the article at the junction of the ends of the post and disks, but also tends to reinforce and strengthen the disks themselves." The word "merging" in the claim may be held to include the particular form of button shown in the figures and described in the language just quoted. If so, it may be valid, but the post of the defendant's button does not merge in such way as to strengthen the disks themselves.

It is urged that one cannot justly treat a combination patent by treating its elements as though separate. To this I agree, but I know no other way of determining the validity of a combination patent than to see how far the prior art shows all the elements in combination. If it shows all but one, and the necessary step does not involve invention, the combination itself is void. That seems to me to be the case here.

The bill will be dismissed for noninfringement, with costs.

Archibald Cox, of New York City, for appellant.

Livingston Gifford and Charles S. Jones, both of New York City, for appellee.

Before COXE and WARD, Circuit Judges, and VEEDER, District Judge.

PER CURIAM. Affirmed, with costs, on the opinion of Judge Learned Hand.