## BURGESS BATTERY CO. v. NOVO MFG. CO., Inc.

(Circuit Court of Appeals, Second Circuit. November 20, 1919.)

### No. 31.

PATENTS ☞328—FOR ELECTRIC HAND LAMP VOID FOR LACK OF INVENTION.

The Burgess patent, No. 1,084,926, for an electric hand lamp, claim 4, *held* void for lack of invention, in view of the prior art.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Burgess Battery Company against the Novo Manufacturing Company, Incorporated. Decree for complainant, and defendant appeals. Reversed.

Action is upon a single claim (No. 4) of the Burgess patent, No. 1,084,926, for an electric hand lamp or flashlight. The claim in suit is as follows:

"In a tubular hand lamp, the combination of an insulating casing, batteries therein, a lamp at one end of said casing, a closure for the other end of said casing, said closure carrying a spring for establishing connection with said batteries, a reflector for said lamp, a contact device near the center of said casing, conductors leading from said contact device to said reflector and to said spring, respectively, a lens for said lamp and *a lens support enveloping said reflector and its conductor and insulated therefrom* to prevent accidental lighting of the lamp through accidental connection of those parts with other parts of the device."

The trial court sustained the patent. Defendants appealed.

Drury W. Cooper and William F. Nickel, both of New York City, for appellant.

Pennie, Davis, Marvin & Edmonds, of New York City (Arba B. Marvin and W. B. Morton, both of New York City, of counsel), for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Invention is asserted in respect of the above claim because the patentee overcame accidental short-circuiting in lamps having a tubular fiber casing, but with metal ends. The specification dwells on the point thus:

"There is no exposed part [of the lamp] which can be accidentally connected to any other part to cause inadvertent lighting of the lamp. This is an important feature, for it has often happened with other lamps of this general type that when placed in a box or bag with tools, or thrown into a wire mail basket, the lamp would light up with its thumb contactor open, and thus might completely wear out its batteries to no useful purpose."

The disclosed means for accomplishing this desirable result consist (in the language of the above claim) of "a lens support enveloping said reflector and its conductor and insulated therefrom," so that if by accident a continuous strip of conducting metal touches both the metallic ends of the fibrous and non-conducting lamp case, the circuit would still be incomplete.

But lamps with casings wholly of conducting metal were old, and such lamps (as was said below in another case on the same patent) were "in a wire basket all the time," yet by this same device of insulating

the reflector and its conductor wastage was prevented. Lobel, British, 9,050 of 1911. The embodiment of the claim in suit is substantially the lamp of Patterson, 807,860, plus the insulation of Lobel, supra.

Appellee urges that a new combination of the oldest elements productive of a new result is patentable invention. It may be invention, but that question of fact cannot be resolved in favor of such a patentee, without considering other matters equally pertinent to solution.

The question here important is whether it required anything more than the skill of a mechanic-electrician to use for the prevention of accidental short-circuiting in a fiber-cased lamp, 'the well-known insulation of a metal-cased lamp. We hold that it did not as matter of fact. Approved methods of reasoning on such a matter are well illustrated in Herzog v. Chas. Keller & Co., 234 Fed. 85, 148 C. C. A. 101, and Æolian Co. v. Wanamaker, 234 Fed. 90, 148 C. C. A. 106. This patent contains claims not in suit, covering the feature of a focusing reflector, as to which we, of course, can express no opinion.

We therefore confine decision to finding no invention in the claim in suit, and direct that the decree appealed from be reversed, with costs, and the case remitted, with directions to dismiss the bill, with costs in the court below.