GILCHRIST v. F. B. MALLORY CO.

(District Court, D. Oregon. February 14, 1921.)

1. Patents ⬤➙26(2)—Combination of old elements not patentable unless it produces new result.

A combination all of whose elements are old in the art is not patentable if the elements perform no new function and do not produce any new result.

2. Patents ⬤➙328—977,613, for pulley block, held not to disclose invention.

The Gilchrist patent, No. 977,613, for a pulley block, in which the only novel element was a pulley side cast in one piece and provided with an interior oil chamber, held not to disclose invention.

3. Patents ⬤➙22—Substituting cast reservoir for one riveted on is not invention.

The substitution for an oil reservoir in a pulley block, which was made separately and riveted onto the side of the block, of a similar reservoir functioning in the same way, but made by casting it with the side of the block, is not invention.

4. Patents ⬤➙36—Utility alone does not establish invention.

The superior utility of the patented device is not alone conclusive as to its patentable novelty.

5. Patents ⬤➙314—Invention is question of fact for court under all the circumstances.

The question whether a patent involves invention is one of fact for the court to be answered in the light of all pertinent considerations, including the prior art.

6. Patents ⬤➙328—1,063,528, for guard on pulley block, held not infringed.

A patent for a guard used with a pulley block, arranged between the pulley cheek plates and between the shackle and the sheave, held not infringed.

In Equity. Suit for infringement of a patent by John E. Gilchrist against the F. B. Mallory Company. Decree entered dismissing the complaint.

Griffith, Leiter & Allen and James H. Cary, all of Portland, Or., for complainant.

Loyal H. McCarthy, of Portland, Or., for defendant.

BEAN, District Judge. I have carefully examined and considered the record and elaborate briefs submitted by counsel, but the time at my disposal will not permit a discussion of the various questions argued, nor do I deem it necessary.

[1] Under the proof the ultimate question for determination, as far as complainant's patent 977,613 is concerned, is whether the element of a pulley side cast in one piece and provided with an interior oil chamber is sufficient, in view of the prior art, to constitute invention and

give validity to the patent. All other elements of the claims in question are old in the art, and in the Gilchrist pulley they do not perform any new function or have any new mode of operation, or produce any new result, and therefore the combination of them in one device is not invention.

"The combination, to be patentable, must produce a different force or effect. or result in the combined forces or processes, from that given by their separate parts. There must be a new result produced by their union: if not so, it is only an aggregation of separate elements." Reckendorfer v. Faber, 92 U. S. 347, 23 L. Ed. 719.

See, also, Hailes v. Van Wormer, 20 Wall. 353, 22 L. Ed. 241; Palmer v. Corning, 156 U. S. 342, 15 Sup. Ct. 381, 39 L. Ed. 445; Thatcher Heating Co. v. Burtis, 121 U. S. 286, 7 Sup. Ct. 1034, 20 L. Ed. 942; Jackson Skirt & N. Co. v. Rosenbaum, 225 Fed. 531, 140 C. C. A. 515.

[2, 3] Oil reservoirs in pulley sides are old in the art, as shown by the Morgan, Ludford and Labadie patents. Indeed, the Morgan patent reads substantially letter perfect with claim 1 of complainant's patent. It is true the oil reservoir in the Morgan pulley is formed by a plate riveted on the side and not cast as an integral part of it, as in complainant's device. It, however, is for the same purpose, operates and functions in the same way, and produces the same result by retaining oil and lubricating the bearing pin as in complainant's patent, and it was not invention for complainant to make the side in one piece, thus combining the separate parts of the Morgan patent, since there is no substantial change in function, operation or result. Ft. Pitt Supply Co. v. Ireland & Matthews Mfg. Co., 232 Fed. 871, 147 C. C. A. 65; Enterprise Mfg. Co. v. Shakespeare Co., 220 Fed. 304, 136 C. C. A. 138; Crier v. Innes (C. C.) 160 Fed. 102; Huebner-Toledo Breweries v. Mathews Grav. Car. Co., 253 Fed. 433, 165 C. C. A. 177; Machine Co. v. Murphy, 97 U. S. 120, 24 L. Ed. 935; R. R. Supply Co. v. Elyria I. & S., 244 U. S. 285, 37 Sup. Ct. 502, 61 L. Ed. 1136.

[4] In reaching this conclusion, I am not unmindful of the presumption of the validity of the patent arising from its issue, or that the auto-lubricating block manufactured by plaintiff has proven its superior utility in the logging business.

"But a mere carrying forward or new or more extended application of the original thought, a change only in form, proportions, or degree, the substitution of equivalents, doing substantially the same thing in the same way by substantially the same means with better results, is not such invention as will sustain a patent." Smith v. Nichols, 88 U. S. (21 Wall.) 119, 22 L. Ed. 566.

And "the advantages claimed for it [the Gilchrist device], and which it no doubt possesses to a considerable degree, cannot be held to change this result, it being well settled that utility cannot control the language of the statute, which limits the benefit of the patent law to things which are new as well as useful. The fact that the patented article has gone into general use is evidence of its utility, but not conclusive of that and still less of its patentable novelty." Grant v. Walter, 148 U. S. 556, 13 Sup. 702, 37 L. Ed. 552.

See, also, McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. 76, 35 L. Ed. 800; Hollister v. Benedict & Burnham Mfg. Co., 143 U. S. 59, 5 Sup. Ct. 717, 28 L. Ed. 901; Smith v. Nichols, 21 Wall. 112, 22 L. Ed. 566; Edwards v. Dayton Mfg. Co., 257 Fed. 980, 169 C. C. A. 130;

Herzog v. Keller Co., 234 Fed. 85, 148 C. C. A. 101; Huebner-Toledo Breweries v. Matthews Gravity Carrier Co., supra; Klein v. Seattle, 77 Fed. 220, 23 C. C. A. 114.

[5] The question whether a patent involves invention is one of fact for the court, to be answered in the light of all the pertinent considerations, including the prior art, and, so viewing the complainant's patent, I am of the opinion that it is invalid for want of invention.

[6] The other patent in controversy (1,063,528) calls for a guard used conjointly with complainant's prior patent, arranged between the pulley cheek plates and between the shackle and the sheave, and in my judgment is not infringed by defendant using a connecting member between the compression links or spanners of the prior Littler patent.

It follows that the complaint should be dismissed; and it is so ordered.