**JOHN BEAN MFG. CO. et al. v. CREAGMILE et al.**

**No. 9532.**

Circuit Court of Appeals, Ninth Circuit.

Oct. 31, 1941.

Rehearing Denied Dec. 3, 1941.

Frederick S. Lyon, Leonard S. Lyon, Richard F. Lyon, and Lewis E. Lyon, all of Los Angeles, Cal., and Philip A. Minnis, of San Jose, Cal., for appellants.

Everett N. Curtis, of San Diego, Cal., and Raymond Ives Blakeslee, of Los Angeles, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Appellees, John C. Creagmile, grantee of Letters Patent No. 1,840,766, and Bear Manufacturing Company, exclusive licensee thereunder to make, use and sell devices and machinery embodying the invention of the Letters Patent, sued in the district court appellants, John Bean Manufacturing Company and Food Machinery Corporation, for infringement of claims 1, 2, and 3 of the Creagmile patent. From the interlocutory judgment of the district court holding the patent valid as to the claims in question and appellants guilty of infringement, appellants take this appeal.

The claims of the patent in suit relate to a device for testing the alignment of cooperative dirigible wheels, more particularly in practice to the front wheels of an automobile. The front wheels of an automobile are set in special alignment to give steerability, minimize the strain on the king pins which connect the spindles, upon which the front wheels are mounted, pivotally to the front axle, and reduce tire slippage. These results are accomplished by aligning the wheels with (1) a tilt outward from a vertical line so that the tops of the respective wheels are a greater distance apart than the bottoms; (2) a tilt inward from a horizontal line perpendicular to the axle so that the fore parts of the wheels are closer together than the rear parts; (3) the king pins are tilted so that the tops are backward of a vertical line and the bottoms forward and (3a) the tops of the pins turn inward of a vertical line toward the center of the axle and the bottoms outwardly so that the tops of the opposite pins are closer together than the bottoms; and (4) the spindle arms, which connect the spindles upon which the wheels are mounted with the steering bar, are in-

clined towards each other rather than at right angles to the spindles. These alignment factors are known respectively as (1) camber, (2) toe-in, (3) caster, (3a) king pin inclination, and (4) turning radius.[1]

The device upon which appellees' claims 1, 2, and 3 of the Creagmile patent read measure all these alignment factors, except king pin inclination. Measurement of these factors is made in degrees of angle. Deviation of the wheel from a vertical line in camber is recorded in degrees. Similarly, the deviation of the wheel from a horizontal line perpendicular to the axle in toe-in and turning radius and the angle of the king pin in caster is recorded in degrees.

Two devices are described by Creagmile in the specifications of his patent for making these tests, one mounted on the outside of each of the front wheels. Each device is operated independently and they are identical structurally. A standard supports a horizontal bar on a line parallel to the front axle. The bar is slidably attached to the standard so that it may be moved endwise towards or away from the wheel. A test bar perpendicular to the horizontal bar is affixed to the end nearest the wheel of the horizontal bar by means of a double swivel. The axis of one swivel, which we will call the first, is parallel to the horizontal bar while the axis of the other swivel, here called the second, is horizontal but at right angles to the bar. The swivels are calibrated or equipped with a scale means to show the degree of rotation when turned. The test bar is longer than the diameter of an automobile wheel with an adjustable finger extending from a point near each end towards the wheel to be tested.

If the factor to be tested is that of camber, in operation the test bar is turned on the first swivel to a vertical position. The horizontal bar is then moved endwise towards the wheel so as to bring the fingers of the test bar in contact with the wheel to be gauged. Since in camber the tops of the wheels extend farther outward than the bottoms, the test bar in making contact with the top and bottom of the wheel will be displaced from a vertical line to a degree corresponding with the tilt of the wheel in this respect. Rotation of the test bar on the second swivel makes possible the movement in this plane. The

---

[1] To aid in a proper understanding of the various alignment factors, the engineering problems to which they are responsive are set forth. The evidence shows the detail of these provisions to aid the car's dirigibility:

Turning a car is made possible by connecting the spindles, upon which the front wheels are mounted, pivotally to the front axle by means of a king pin. By mounting the king pins with the tops backward of a vertical line and the bottoms forward, steerability is increased as the weight of the car must then be lifted every time the wheels are turned. The force thus created tends to keep the wheels pointed straight ahead and to return to this position after turning. This inclination of the king pin is known as caster.

By mounting the front wheels with a tilt outward from a vertical line so that the tops of the respective wheels are a greater distance apart than the bottoms, the tendency of the bottoms of the wheels to spread apart under the weight of the car is partially overcome with a great reduction in the strain on the king pins. The toeing out of the tops of the wheels in this manner is known as camber.

As the weight of the car on the tilted wheels in camber compresses the outside of the tire more than the inside, a smaller diameter on the outside of the wheel and larger diameter on the inside results. This cone-like effect tends to turn the wheels outward when in motion. To overcome this tendency with its consequent tire slippage, the fronts of the wheels are tilted inward and the backs outward. This is called toe-in.

With the advent of the balloon tire the difference in the diameter of the inside and outside of the wheels in camber became so great that correction by toe-in raised such difficulties that camber was lessened and supplemented by tilting the tops of the pins inward of a vertical line toward the center of the axle and the bottoms outwardly, making the tops of the opposite pins closer together than the bottoms. This is king pin inclination.

The final alignment factor is that of turning radius. In turning, the radius of the outside wheel is much greater than that of the inside wheel. To prevent tire slippage in turning, therefore, it is necessary that the wheels toe-out rather than toe-in as is usual. The desired result is produced by inclining the arms which connect the spindles with the steering bar inward toward each other rather than settling them at right angles to the spindles, thus causing the greater displacement of the inside spindle arm in turning.

calibrations or scale means on the swivel make it a simple matter to determine the angular deviation from a vertical line of the camber adjustment. Caster may be determined by computations on two measurements of camber.

In testing for toe-in, the test bar is turned by means of the first swivel to a horizontal position and again brought in contact with the outside of the wheel by means of sliding the adjustable horizontal bar. In toe-in the displacement of the now forward end of the test bar is inward toward the center of the axle and the opposite end outward corresponding with the tilt of the wheel in this direction. Movement of the test bar in this plane is also made possible by rotation on the second swivel. The computation of the angle of deviation from a horizontal line perpendicular to the front axle is made in the same manner as that for camber. The camber and toe-in measurements of the opposite wheel are taken in the same manner by the similar device mounted on that side.

The same set-up as for toe-in gauging is used for determining turning radius except that the wheels are turned to an angle arbitrarily set. The angular deviation from a horizontal line perpendicular to the front axle as indicated on the calibrations or scale on the second swivel of each device is then used to compute the turning radius of each wheel.

Claims 1, 2, and 3 of the patent in suit are not limited to the particular device described in the specifications as set out above, but are broadly drawn to include mechanical equivalents. The component parts of the device as stated in the claims more clearly appear if assigned letters and numbers as below.

Claim 1: In apparatus for gauging the settings for camber and toe-in and turning radius and caster of a cooperative pair of dirigible wheels of a vehicle, said wheels supporting an axle between them, testing members for disposal at opposite ends of said axle and generally outwardly of said wheels and including

[A] test bars,

[B] means carrying said members for translation solely in a common line parallel to said axle,

[C] means to angularly adjust said test bars independently and about axis respectively [1] parallel and [2] perpendicular to said line of translation of the members, and

[D] means to determine the degree of angular adjustment of a bar about either said axis and from an initial position thereof whereby to determine the aforesaid settings.

Claim 2: In apparatus for gauging the settings for camber and toe-in and turning radius and caster of a pair of dirigible wheels of an automobile or the like, a gauging member comprising

[A] an horizontal bar mounted for adjusted disposal solely along an horizontal axial line thereof,

[B] a head swivelled to said bar for rotative adjustment about said axial line of said bar,

[C] a test bar pivoted to said head for adjustment about an axis perpendicular to and intersecting said axial line, and

[D] scale means on said first bar and head cooperative to measure the angular degree of rotative displacement of said head from an initial position thereof.

Claim 3: In apparatus for gauging the settings for camber and toe-in and turning radius and caster of a pair of dirigible wheels of an automobile or the like, a gauging member comprising

[A] an horizontal bar mounted for adjusted disposal solely along an horizontal axial line thereof,

[B] a head swivelled to said bar for rotative adjustment about said axial line of said bar,

[C] a test bar pivoted to said head for adjustment about an axis perpendicular to and intersecting said axial line, and

[D] scale means for independently ascertaining the angular degrees of displacement of [1] said head about said axial line and of [2] said test bar about said axis.

We believe there is grave doubt as to whether or not these claims are valid on their face on the ground of their failure to make disclosure sufficiently definite to satisfy the requirements of R.S. 4888, 35 U.S.C.A. § 33. Cf. General Electric Co. v. Wabash Appliance Corp., 304 U.S. 364, 368-370, 58 S.Ct. 899, 82 L.Ed. 1402. However, we have resolved our doubt in favor of examining into the question of novelty and anticipation.

Appellants attack the claims as invalid for want of novelty and point particularly

to Bernhardt and Black, #1,678,761, as showing anticipation in the prior art.

The device of Bernhardt and Black is described in their patent as an axle gauge. Expressing it in the terms of the Creagmile patent, it is constructed with a horizontal bar slidably mounted on a standard so that the bar may be moved endwise with respect to the fixed position of the standard. A test bar is mounted on the end of the horizontal bar away from the supporting standard by means of a double swivel. The axis of the one swivel is parallel to the horizontal bar, making the test bar movable in a line perpendicular thereto. The axis of the other swivel is horizontal but at right angles to the horizontal bar, making the test bar movable in a plane parallel with the horizontal bar. One side of each of the two swivels is calibrated and the other side is made in the form of a pointer so as to record the angular deviation of the test bar from the horizontal and perpendicular planes when applied to an axle member.

■ Creagmile's claim of invention over Bernhardt and Black under claims 1, 2, and 3 must succeed or fail on the differences between the devices of the two patents. Mere application of a mechanical equivalent to another use is not invention. Roberts v. Ryer, 91 U.S. 150, 157, 23 L.Ed. 267; Concrete Appliances Co. v. Gomery, 269 U.S. 177, 185, 46 S.Ct. 42, 70 L.Ed. 222; Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 493, 20 S.Ct. 708, 44 L.Ed. 586; Anton Miller et al. v. Samuel J. Foree et al., 116 U.S. 22, 6 S.Ct. 204, 29 L.Ed. 552.

So structurally similar is the Bernhardt and Black device to the Creagmile, that the same measurements can be made by the former if mounted as the Creagmile device on the outside of the wheel and the test bar applied to a segment of the wheel.[2]

The only real structural differences are: (1) the test bar of the Creagmile device is designed with projecting adjustable fingers to allow the test bar to extend over the hub and be applied across the full diameter of the wheel and not restricted to a segment; and (2) the test bar is adjustable longitudinally with respect to the axis of the second swivel.

If these slight structural developments constituted invention, they were not a contribution of Creagmile to the art of wheel gauging. Both features are found in Smith's patent, #1,209,345, and the first is found in addition in the patents of Prather, #1,601,261, and Bennett, #1,653,249. Creagmile's device at most can be regarded as only a combination of ancient test bar features with the Bernhardt and Black device.

■ The question whether a given combination is the product of invention or only mechanical skill has been often litigated[3] but it remains a "question which cannot be answered by applying the test of any general definition." McClain v. Ortmayer, 141 U.S. 419, 427, 12 S.Ct. 76, 35 L.Ed. 800. The combination of old test bar features with the device of Bernhardt and Black to permit application of the test bar across the full diameter of the wheels and longitudinal adjustment rises no higher than mechanical skill. As said in Saranac Machine Corporation v. Wirebounds Patents Company, 282 U.S. 704, 713, 51 S.Ct. 232, 236, 75 L.Ed. 634. "Their adaptation to the new use was not the creative work of the inventive faculty. It was 'but the display of the expected skill of the calling, and involves only the exercise of the ordinary faculties of reasoning upon the materials supplied by a special knowledge, and the facility of manipulation which results from its habitual and intelligent practice.'"

The requirement that the device be mounted on the outside of the front wheels does not aid Creagmile's claim of invention. The practice of mounting on the outside of the wheels identical wheel gauging devices, separately operated, was old in the art.[4] Nor can invention be

[2] The test bar of the inside wheel gauge of Tharp, #1,438,346, was thus applied to a segment rather than across the full diameter of the wheel.

[3] Florsheim v. Schilling, 137 U.S. 64, 11 S.Ct. 20, 34 L.Ed. 574; C. & A. Potts & Co. v. Creager, 155 U.S. 597, 15 S.Ct. 194, 39 L.Ed. 275; Palmer v. Corning, 156 U.S. 342, 15 S.Ct. 381, 39 L.Ed. 445; McCarty v. Lehigh Valley Railroad Co., 160 U.S. 110, 16 S.Ct. 240, 40 L.Ed. 358; Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 20 S.Ct. 708, 44 L.Ed. 856; Grinnell Washing Machine Co. v. E. E. Johnson Co., 247 U.S. 426, 38 S.Ct. 547, 62 L.Ed. 1196; Saranac Automatic Mach. Corp. v. Wirebounds Patents Co., 282 U. S. 704, 711–713, 51 S.Ct. 232, 75 L.Ed. 634.

[4] Patents of Creagmile and Reiman, #1,791,803; Smith #1,209,345. Cf. patents Prather, #1,601,261; and Bennett, #1,653,249.

predicated on the mere multiplicity in use of ancient devices as required by Claim 1.[5]

For the reasons discussed, Claims 1, 2, and 3 of Patent 1,840,766 are invalid for want of invention and anticipation.

The interlocutory order is reversed.

MATHEWS, Circuit Judge, concurs in the result.

---

[5] Nestle-Le Mur Co. v. Eugene, Ltd., 6 Cir., 55 F.2d 854, 858. Cf. Slawson v. Grand Street, etc., R. Co., 107 U.S. 649, 653, 2 S.Ct. 663, 27 L.Ed. 576; Dunbar v. Myers, 94 U.S. 187, 195, 24 L.Ed. 34.